Hilda M. **GANSKE**, Appellant,

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU**, Appellee.

Civ. No. 10676.

Supreme Court of North Dakota.

Oct. 23, 1984.

---

Mahoney & Mahoney, Center, for appellant; argued by John Mahoney, Center.

Joseph F. Larson, II, Asst. Atty. Gen., N.D., Workmen's Compensation Bureau, Bismarck, for appellee.

PEDERSON, Justice.

Hilda Ganske appeals from a district court judgment upholding the North Dakota Workmen's Compensation Bureau's (the Bureau) denial of her claim for benefits for injuries resulting from a heart attack she suffered during the course of her employment. We affirm.

Hilda was employed as a kitchen helper for the Center School District for approximately four years. She assisted four other employees in the preparation and serving of lunch for approximately 345 students at the school, and her job sometimes required her to carry large kettles and containers of food at various stages of preparing and serving it.

Hilda testified that, on the date of her heart attack, she followed the normal routine for preparing and serving lunch which included chicken. After assisting in preparing the meal, Hilda experienced a severe pain while serving it to the students. After finishing her duties at work Hilda returned home, but shortly thereafter her husband took her to the hospital. She was treated for "an acute coronary artery disease spasm and anginal attack."

Hilda filed a claim for workmen's compensation benefits. When her claim was denied by the Bureau, she filed an appeal with the district court. It upheld the Bureau's denial of her claim, and Hilda has filed this appeal from the district court's judgment.

Section 65–05–05, NDCC, provides for the payment of compensation and other benefits to an employee who has been injured in the course of his employment. Under Section 65–01–11, NDCC, a claimant has the burden of proving by a preponderance of the evidence that he is entitled to benefits. The term "compensable injury" is defined under Subsection 7 of Section 65–01–02, NDCC, which provides in relevant part:

"If an injury is due to heart attack or stroke, such heart attack or stroke must be causally related to the worker's employment, with reasonable medical certainty, and must have been precipitated by unusual stress."

It is well settled that in reviewing the findings of an administrative agency on appeal this Court must exercise restraint; rather than making an independent finding of fact or substituting our judgment for that of the agency, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions of the Bureau were proved by the weight of the evidence. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979).

The dispositive issue on this appeal is whether or not the Bureau's finding that Hilda failed to prove that her heart attack was "precipitated by unusual stress" is supported by a preponderance of the evidence. We conclude that it is, and for that reason we affirm the Bureau's denial of Hilda's claim for benefits.

Hilda's doctor, A.E. VanVranken, testified by deposition that given the severity of Hilda's existing coronary artery disease there was "absolutely no question" that her heart attack was caused by the exertion required by her work duties on that day. He testified that, with reasonable medical certainty, it was quite apparent the stress of Hilda's job and the tasks that were assigned to her caused her heart attack. However, on cross-examination, Dr. VanVranken testified that he was unaware that Hilda had a history of smoking, that he was unfamiliar with the ordinary and usual duties of Hilda's employment, and that he would be unable to state whether or not Hilda's duties on the date of her heart attack deviated from the ordinary and usual duties of her employment.

Hilda testified that on that day she proceeded in the ordinary and normal routine except that she felt more stress than usual because in preparing chicken "you had to hurry." Joyce Freidig, a kitchen employee who worked with Hilda, testified that the preparation and serving of a meal including chicken involved the same duties and routine as on any other day and that there was no additional stress or pressure.

Meaningful factual parallels may be drawn between *Nelson v. North Dakota Workmen's Compensation Bureau*, 316 N.W.2d 790 (N.D.1982), and this case which make the rationale underlying this Court's decision in *Nelson, supra*, relevant to the disposition of this case. In *Nelson*, the claimant's spouse (Aldean) died as a result of a heart attack which occurred during his employment as a foreman and lead truck driver of a transport company. In addition to his driving duties, Aldean was required to prepare paperwork for assigning tasks to other employees. Aldean suffered a heart attack while connecting air hoses to his tractor-trailer.

Aldean's spouse and a fellow worker testified that Aldean's position as a working foreman placed him under stress because he was required to perform administrative duties as well as his truck driving duties. They also testified that as a union member Aldean received calls from fellow employees which caused additional stress because he was placed in the middle of a dispute in which his dual role of administrator and fellow employee presented conflicts. Aldean's doctor, without having direct knowledge of Aldean's employment responsibilities and the stress resulting therefrom, testified that the heart attack was causally related to the unusual stress of his employment.

This Court, in upholding the Bureau's denial of benefits, refused to upset the Bureau's finding that Aldean's heart attack was not precipitated by unusual stress:

"[T]he evidence that Aldean was under unusual stress caused by his employment is dependent solely upon the testimony of Delores and Kermit Engebretson, and, as we have already noted, that evidence is scanty at best.

*       *       *       *       *       *

"[T]he cases we have reviewed indicate significantly more evidence of unusual emotional stress than is evidenced here.

Remembering, as we must, that the burden is upon the claimant to establish his right to participate in the Workmen's Compensation Fund, and that we do not make independent findings of fact or substitute our judgment for that of the agency but determine only whether a reasoning mind could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record, we cannot say that the findings of the Bureau concerning unusual stress were not supported by the evidence nor that the conclusion of the Bureau that Delores failed to prove that Aldean's heart attack was precipitated by unusual stress in the course of his employment was not supported by its findings." 316 N.W.2d at 796–797. [Case cites omitted.]

We conclude that in this case the evidence relating to the question of whether or not Hilda's heart attack was precipitated by unusual stress was, like that presented in *Nelson, supra,* scanty at best. Through her own testimony, Hilda concedes that on the date of her heart attack her employment duties proceeded in an ordinary and normal routine. Although Hilda testified that she felt more stress on days in which the meal being prepared included chicken, we believe that there is sufficient evidence upon which a reasoning mind could conclude that neither Hilda's work-related stress over the four-year course of her employment as a kitchen helper nor on the particular day of her heart attack constituted an unusual or out-of-the-ordinary stress.

We conclude that a reasoning mind could have found, as did the Bureau, that Hilda failed to prove by the weight of the evidence from the entire record that her heart attack was precipitated by unusual stress in the course of her employment. For that reason, we uphold the Bureau's denial of Hilda's claim for benefits.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.