Clarence O. SUNDERLAND, Appellee,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

Civ. No. 10886.

Supreme Court of North Dakota.

June 27, 1985.

Dean J. Haas [argued] and Joseph F. Larson II, Asst. Attys. Gen., Bismarck, for appellant Workmen's Compensation Bureau.

Howard D. Swanson [argued], of Letnes, Marshall, Fiedler & Clapp, Grand Forks, for appellee.

GIERKE, Justice.

The North Dakota Workmen's Compensation Bureau [the Bureau] appeals from a judgment of the District Court of Grand Forks County which reversed a decision rendered by the Commissioners of the Bureau. The Commissioners had denied workmen's compensation benefits to Clarence O. Sunderland. We affirm the district court's decision.

Clarence was employed as a police officer for the city of Grand Forks, a position he held for 36 years. Late in 1983 Clarence learned that he was suffering from lung cancer. He received treatment in Grand Forks and at the Mayo Clinic in Rochester, Minnesota. In December of 1983 Clarence applied for benefits from the North Dakota Workmen's Compensation Bureau. Clarence died on March 22, 1984. At the time of his death, he was assistant chief of police for the city of Grand Forks. Clarence's request for benefits was denied on April 30, 1984. His wife, Blanche, thereafter appealed the Bureau's decision to the District Court of Grand Forks County. The district court reversed the Bureau's decision and ordered the payment of benefits. This appeal followed.

■ The instant case presents a statutory presumption. Under North Dakota law, workmen's compensation is designed to cover work-related injuries and also diseases which are fairly traceable to a person's employment. § 65–01–02, N.D.C.C. "Fairly traceable to the employment" when used to modify the term "disease" means a disease which, as defined in § 65–01–02(12), N.D.C.C.:

"a. Arises under conditions wherein it is apparent to the rational mind upon consideration of all the circumstances that there is a direct causal connection between the conditions under which the work is performed and the disease;

"b. Can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;

"c. Can be fairly traced to the employment.

. . ."

The definition of "fairly traceable to the employment" is qualified, however, by subdivision (d) of § 65–01–02(12), N.D.C.C.:

"d. Provided, any condition or impairment of health of a full-time paid fireman or law enforcement officer caused by lung or respiratory disease, hypertension, or heart disease resulting in total or partial disability or death shall be presumed to have been suffered in the line of duty and shall not be attributed to any disease existing prior to such total or partial disability or death unless the contrary be shown by competent evidence, provided, further, that such full-time paid fireman or law enforcement officer shall have completed two years of continuous service and have successfully passed a physical examination which examination fails to reveal any evidence of such condition."

The above-quoted passage creates a presumption in favor of firemen and law enforcement officers. Procedurally, the presumption operates to shift the burden of proof from the claimant to the Bureau. 1 Weinstein's Evidence ¶ 300[01] (1982). There are two components of the burden of proof: (1) the burden of going forward with proof, and (2) the burden of persuasion. In North Dakota, presumptions operate to shift both the burden of going forward with evidence and the burden of persuasion. Rule 301, North Dakota Rules of Evidence. *See* Explanatory Note, Rule 301 and cases cited therein. Under this theory, referred to as the Morgan view of presumptions, the party against whom the presumption is directed bears the burden of proving that the nonexistence of the presumed fact is more probable than its existence. 1 Weinstein's Evidence ¶ 301[01] (1982); *Eddy v. Lee,* 312 N.W.2d 326, 329 (N.D.1981). *See Dick v. New York Life Ins. Co.,* 359 U.S. 437, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959), wherein the United States Supreme Court, in applying North Dakota law, required the insurer to prove that the death at issue was suicidal. In the instant case, the presumed facts are twofold: (1) that the condition is presumed to have been suffered in the line of duty, and

(2) that the condition is not a preexisting disease. Under our law, it is the Bureau's burden to prove that the nonexistence of each of these facts is more probable than its existence.

On appeal, this court examines the decision of the agency rather than the decision of the district court. *Schadler v. Job Service North Dakota,* 361 N.W.2d 254, 256 (N.D.1985). Accordingly, we look to the record compiled by the agency. *Application of Nebraska Public Power Dist.,* 330 N.W.2d 143, 146 (N.D.1983). Three questions arise in reviewing an administrative agency's decision:

(1) Are the findings of fact supported by a preponderance of the evidence?

(2) Are the conclusions of law sustained by the findings of fact? and

(3) Is the agency's decision supported by the conclusions of law?

§ 28–32–19, N.D.C.C.; *Schadler, supra* 361 N.W.2d at 256 [citing *Grant Farmers Mut. v. State by Conrad,* 347 N.W.2d 324, 326 (N.D.1984) ]; *Asbridge v. North Dakota State Highway Comr.,* 291 N.W.2d 739, 743 (N.D.1980).

This court does not make independent findings of fact or substitute our judgment for that of the agency. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979). Our determination consists of "whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, supra* 283 N.W.2d at 220. We therefore examine the Bureau's decision and determine whether its factual conclusions were proved by the weight of the evidence.

In the instant case, Clarence's request for benefits was reviewed informally. Clarence did not request a formal hearing. His wife, Blanche, obtained counsel after the Bureau's decision was issued and she appealed it to the district court. A rehearing was not requested, although a rehearing is provided for if requested within 15 days of the Bureau's decision.

The evidence available to the Bureau included: Clarence's medical history; reports from every doctor he had seen concerning his cancer; his family history of cancer; his "40 pack year" smoking history (meaning one pack of cigarettes per day for 40 years); documented complaints and observations of stress; and a letter from Dr. Ronald O. Bergom, a nephrologist, stating that Clarence's cancer was not caused by his occupation.

 We begin our review with the Bureau's Finding No. VI, which states:

"VI

"North Dakota Century. Code Section 65–01–02(12)(d) does not apply to carcinoma."

Although the above statement is labeled as a finding of fact, we view it as a conclusion of law. *See E.E.E., Inc. v. Hanson,* 318 N.W.2d 101 (N.D.1982). Conclusions of law must be sustained by the findings of fact. *Schadler, supra* 361 N.W.2d at 256. There simply are no findings which will support the Bureau's statement. It is true, as the Bureau contends, that carcinoma is common to the body as a whole, and that carcinoma is not a respiratory disease per se. However, § 65–01–02(12)(d), N.D.C.C., provides compensation for "lung or respiratory disease". Surely carcinoma of the lung qualifies as a lung disease. The Bureau's conclusion that carcinoma of the lung is not compensable is not supported by the findings of fact.

 The Bureau, in Finding No. VIII, states that:

"VIII

"Positive and competent medical evidence exists which shows that the claimant's carcinoma is in no way related to his occupation."

The medical evidence on which the Bureau relies is a statement made by Dr. Bergom that:

"This carcinoma of the lung was not caused by his occupation as a policeman, and his occupation in no way, *as far as*

*we know,* contributed to this difficult illness." [Emphasis added.]

We conclude that the weight of the evidence does not support Finding No. VIII.

 Further, the Bureau states in its Finding No. IX and its Conclusion of Law No. II that the requisite causal nexus between employment and injury has not been established. As a matter of law, the Bureau erred in concluding that it was Clarence's burden to establish a link between his employment and his cancer. The very purpose of the presumption contained in § 65–01–02(12)(d) is to eliminate that requirement on the part of the claimant.

 Finally, we conclude that the Bureau's Finding No. X is unsupported by the weight of the evidence. Finding No. X reads:

"X

"Carcinoma is common to the general public and is not occupational in nature."

The record is devoid of any evidence to substantiate the Bureau's finding.

 On appeal, the Bureau contends that it is not required to produce positive evidence of nonwork-related causation. However, there is authority for the proposition that the Bureau must introduce evidence of nonwork-related causation in order to rebut the presumption. *Fairfax Cty. Fire and Rescue Services v. Newman,* 222 Va. 535, 281 S.E.2d 897 (1981); *Schave v. Department of State Police,* 58 Mich. App. 178, 227 N.W.2d 278, 282–283 (1975); *Sperbeck v. Department of Industry, Labor and Human Rel.,* 46 Wis.2d 282, 174 N.W.2d 546 (1970). The Bureau introduced a medical opinion which was inconclusive as to the relationship between Clarence's occupation and his lung cancer. We determine that the medical opinion submitted by the Bureau is insufficient evidence to sustain the Bureau's burden of proving that Clarence's cancer was not work-related.

After reviewing the agency's decision, we conclude that a reasoning mind could not have reasonably determined that the

**554**

Bureau's findings were proved by the weight of the evidence. In summary, we determine that the Bureau's conclusion regarding the applicability of § 65–01–02(12)(d), N.D.C.C., to carcinoma is unsupported by the findings of fact. The Bureau's conclusion that it was Clarence's burden to prove that his cancer was work-related is an incorrect statement of the law. Finally and most importantly, the medical evidence on which the Bureau relies simply does not sustain the finding that Clarence's cancer was not occupational in nature. Accordingly we affirm the district court's decision.

While we affirm the district court's approval of Clarence's application for payment of workmen's compensation benefits, we must point out that we are not in agreement with a statement made by the court in its memorandum opinion with regard to the rebuttable nature of the statutory presumption. The court states that the only rebuttable portion of the statutory presumption is "whether or not the disease was preexisting". After a close reading of the statute, we are convinced that the statute contains two rebuttable components. In order for the Bureau to rebut the presumption in its entirety, it must show that the disease was preexisting and that it was not work-related. As we have indicated in this opinion, the Bureau has failed to meet its burden of rebutting the presumption.

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.