Ronald W. KROH, Appellant,

v.

NORTH DAKOTA WORKERS COM-
PENSATION BUREAU, Appellee,

Mid–Am Restaurants, Respondent.

Civ. No. 870288.

Supreme Court of North Dakota.

June 28, 1988.

Rauleigh D. Robinson (argued), Bis-
marck, for appellant.

Dean J. Haas (argued), Asst. Atty. Gen.,
Workers Compensation Bureau, Bismarck,
for appellee.

GIERKE, Justice.

Ronald W. Kroh appeals from a district
court judgment upholding a decision of the
Workers Compensation Bureau which dis-
missed his claim for benefits. We affirm.

Kroh filed an application for workers
compensation benefits in July 1986 for an
unstable angina condition which he alleged

was precipitated by his employment as a cook at Dakota Farms Restaurant in Mandan. The Bureau dismissed the claim, finding that Kroh failed to prove that his heart attack was precipitated by unusual stress or that it was causally related to his employment. Kroh subsequently obtained counsel and filed a petition for rehearing, arguing that the Bureau improperly placed upon him the burden of establishing that his heart condition was a compensable injury. The Bureau held an evidentiary hearing and issued an order affirming its previous dismissal, finding again that Kroh failed to prove that his angina was causally related to his employment or was precipitated by unusual stress. The district court affirmed the Bureau's dismissal, and Kroh has appealed.

Kroh's argument that the Bureau improperly placed the burden of proof upon him is premised on his assertion that § 65–01–02(12)(d), N.D.C.C.,[1] which allows full-time paid firemen and law enforcement officers a presumption that heart disease has been suffered in the line of duty and that the condition is not a preexisting disease [*see Sunderland v. N.D. Workmen's Comp. Bureau*, 370 N.W.2d 549, 552 (N.D. 1985)], is impermissibly discriminatory in violation of the equal protection clauses of the state and federal constitutions. Kroh asserts that in order to remedy the statute's unconstitutionality, its benefits, *i.e.,* the presumptions, should be applied to all employees. The district court declined to resolve the constitutional question, concluding that even if the statute were unconstitutional, "it would simply mean that it would not be available even to policemen or firemen." We agree with the district court.

Like the district court, we will assume only for purposes of argument that § 65–01–02(12)(d), N.D.C.C., is unconstitutional. In *Welsh v. United States*, 398 U.S. 333, 361, 90 S.Ct. 1792, 1807–1808, 26 L.Ed. 2d 308 (1970), Justice Harlan pointed out that:

"Where a statute is defective because of underinclusion there exist two remedial alternatives: a court may either declare it a nullity and order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by exclusion." (Harlan, J. concurring).

*See also Orr v. Orr*, 440 U.S. 268, 272, 99 S.Ct. 1102, 1108, 59 L.Ed.2d 306 (1979); *Skinner v. State of Oklahoma*, 316 U.S. 535, 543, 62 S.Ct. 1110, 1114, 86 L.Ed. 1655 (1942); *Beal v. Beal*, 388 A.2d 72, 75 (Me. 1978); *Flack v. Sizer*, 322 S.E.2d 850, 853 (W.Va.1984). Choosing between invalidating a discriminatory statute or treating it

1. Section 65–01–02(12), N.D.C.C., provides:

"12. 'Fairly traceable to the employment' when used to modify the term 'disease' means only a disease which:

"a. Arises under conditions wherein it is apparent to the rational mind upon consideration of all the circumstances that there is a direct causal connection between the conditions under which the work is performed and the disease;

"b. Can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;

"c. Can be fairly traced to the employment;

"d. However, any condition or impairment of health of a full-time paid fireman or law enforcement officer caused by lung or respiratory disease, hypertension, heart disease, or exposure to infectious disease as defined by sections 23–07.3–01 and 23–07.3–02, or occu-

pational cancer in a full-time paid fireman, resulting in total or partial disability or death is presumed to have been suffered in the line of duty. The condition or impairment of health may not be attributed to any disease existing before that total or partial disability or death unless the contrary is shown by competent evidence. As used in this subdivision, an occupational cancer is one which arises out of employment as a full-time paid fireman and is due to injury due to exposure to smoke, fumes, or carcinogenic, poisonous, toxic, or chemical substances while in the performance of active duty as a full-time paid fireman. A full-time paid fireman or law enforcement officer is not eligible for the benefit provided under this subdivision unless that full-time paid fireman or law enforcement officer has completed two years of continuous service and has successfully passed a physical examination which fails to reveal any evidence of such a condition."

as inclusive of an impermissibly excluded class requires ascertainment of the predominant legislative purpose underlying the statute's enactment. *Beal v. Beal, supra; Flack v. Sizer, supra.*

Under Kroh's theory, §§ 65–01–02(7)[2] and 65–01–02(12)(d), N.D.C.C., should be read together to provide him with the presumptions that his heart condition was precipitated by unusual stress, that it occurred in the course of his employment, and that it is not a preexisting disease. It would then be the Bureau's burden to prove that the nonexistence of each of these presumed facts is more probable than its existence. *See Sunderland v. N.D. Workmen's Comp. Bureau, supra.* We believe this proposed result is contrary to the Legislature's intention.

■■■ It has long been a basic tenet of workers compensation law that a claimant seeking benefits from the Bureau has the burden of proving by a preponderance of the evidence that he is entitled to participate in the fund. Section 65–01–11, N.D. C.C.; *Claim of Bromley,* 304 N.W.2d 412, 415 (N.D.1981). As we noted in *Sunderland v. N.D. Workmen's Comp. Bureau, supra,* § 65–01–02(12)(d) creates a limited exception to this general rule by shifting the burden of proof from the claimant to the Bureau in cases involving specific conditions or impairments of health suffered by two distinct categories of employees. The reason the Legislature carved out this exception to the general rule is obviously because of the nature of the work duties of firemen and law enforcement officers. Nothing in the legislative history remotely suggests that the primary purpose of this legislation was to ease the proof requirements for these specific conditions or impairments of health irrespective of the nature of the employee's work duties.

Moreover, Kroh's proposed construction of these statutes would totally consume the "unusual stress" requirement for heart attacks under § 65–01–02(7), N.D.C.C. The legislative history of the 1977 amendment of that statute to require "unusual stress" in cases of heart attacks or strokes is well documented. *See Grace v. North Dakota Workmen's Comp. Bureau,* 395 N.W.2d 576, 580 (N.D.1986); *Nelson v. North Dakota Workmen's Comp. Bureau,* 316 N.W.2d 790, 794 n. 2 (N.D.1982). It came about in direct response to this court's decision in *Stout v. North Dakota Workmen's Compensation Bureau,* 236 N.W.2d 889, 892 (N.D.1975), in which we held that heart attacks occurring within the course of employment that were precipitated by usual exertion were compensable. There was a significant increase in the number of claims for heart attacks after *Stout* was decided, and the statute was amended to require "unusual stress" in order to substantially reduce a projected increase in employer premiums resulting from that decision. *See Grace v. North Dakota Workmen's Comp. Bureau, supra.* Construing §§ 65–01–02(7) and 65–01–02(12)(d) to create a statutory presumption that heart disease suffered by any employee is presumed to have been precipitated by unusual stress would be directly contrary to the Legislature's intent.

We conclude that, assuming § 65–01–02(12)(d), N.D.C.C., is unconstitutional, the remedy would lie in invalidating the statute rather than extending its benefits to all employees. Thus, Kroh would not stand to benefit in this case by our resolution of the constitutional question.[3]

■■■ Kroh asserts in the alternative that the Bureau erred in determining that he

2. Section 65–01–02(7), N.D.C.C., provides in pertinent part:

"7. 'Compensable injury' means an injury by accident arising out of and in the course of employment.... If an injury is due to heart attack or stroke, such heart attack or stroke must be causally related to the worker's employment, with reasonable medical certainty, and must have been precipitated by unusual stress."

3. We note that in cases cited by the Bureau which address the constitutionality of similar statutes, employers of firemen or policemen challenged their validity. *See City and County of San Francisco v. Workers' Compensation Appeals Board,* 22 Cal.3d 103, 148 Cal.Rptr. 626, 583 P.2d 151 (1978); *Board of County Commis-*

was not entitled to benefits. Specifically, Kroh contends sufficient evidence exists to establish that his heart condition was precipitated by unusual stress and that it was causally related to his employment. He further claims that, at the very least, he is entitled to benefits under § 65–05–15, N.D. C.C., for aggravation of a preexisting condition. We believe the dispositive issue is whether the Bureau's finding that Kroh failed to prove that his heart condition was precipitated by "unusual stress" is supported by a preponderance of the evidence. We conclude that it is.[4]

■ It is well settled that in reviewing the findings of an administrative agency this court must exercise restraint; rather than making an independent finding of fact or substituting our judgment for that of the agency, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions of the Bureau were proved by the greater weight of the evidence. *Ganske v. N.D. Workmen's Comp. Bureau*, 355 N.W.2d 800, 802 (N.D.1984).

In order to satisfy the "unusual stress" requirement of § 65–01–02(7), N.D.C.C., the work causing a heart attack need not be different in nature from the employee's usual work. Rather, " 'so long as the conditions of performing the work are such that an exceptional strain is imposed on the worker so great that his heart is affected and damaged thereby, the requirement of unusual or excessive strain is satisfied.' " *Grace v. North Dakota Workmen's Comp. Bureau*, 395 N.W.2d 576, 581 (N.D.1986) [quoting *Schechter v. State Insurance Fund*, 6 N.Y.2d 506, 190 N.Y.S.2d 656, 660, 160 N.E.2d 901, 904 (1959) ]. "[O]ur examination for unusual stress must be applied according to the employee's complete work history." *Grace v. North Dakota Workmen's Comp. Bureau, supra; Nelson v. North Dakota Workmen's Comp. Bureau*, 316 N.W.2d 790, 796 (N.D.1982).

When Kroh, 46, consulted a physician several days after leaving work in May 1986 because of chest pains, he was diagnosed as having "severe coronary atherosclerotic artery disease, left ventricular dysfunction," and "hyper cholesterolemia." The attending physician's report further states that he "was getting angina with minimal exertion." Kroh's medical history reveals that he had suffered a heart attack in 1979 and underwent coronary artery bypass surgery in 1980. His "[s]ocial history included a one and one-half pack per-day history of smoking times thirty years...." Kroh had been having chest pain on exertion for the past two to five years, which had been worsening over the previous three weeks. Cardiac catheterization later revealed that Kroh "had an open right coronary artery graft with severe three vessel coronary artery stenosis on the native vessels." In August 1986, Kroh again underwent bypass surgery for his coronary artery disease.

Kroh's work history reveals that he had been employed as a cook at various establishments, including the predecessor restaurant to Dakota Farms Restaurant. He had been continuously employed at Dakota Farms Restaurant for three years prior to his leaving work because of the chest pains. Kroh's claim that his heart condition was precipitated by unusual stress is premised on his being required to both cook and unload supplies during his morning shift on Tuesdays. Kroh testified that on Tuesdays, after the truck driver brought the produce into the building, he "would have to check it off against the invoice to make sure all items are there, and then

---

sioners, *Prince George's County v. Colgan*, 274 Md. 193, 334 A.2d 89 (1975); *Kellerman v. City of St. Paul*, 211 Minn. 351, 1 N.W.2d 378 (1941); *Fairfax County Fire and Rescue Services v. Newman*, 222 Va. 535, 281 S.E.2d 897 (1981). Section 65–10–01, N.D.C.C., provides that "[a]n employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section."

4. Kroh does not assert that he would be entitled to an aggravation award under § 65–05–15, N.D. C.C., regardless of whether his heart condition was precipitated by unusual stress under § 65–01–02(7), N.D.C.C. *See Nelson v. North Dakota Workmen's Comp. Bureau*, 316 N.W.2d 790, 795 n. 3 (N.D.1982).

place it on the shelves where it belonged." Because he was the only cook working during that morning shift, Kroh would have to put away the supplies in between cooking orders as they came in. Kroh also stated, however, that his Tuesday morning duties were the same during his three years with the restaurant.

Kroh testified that when he went to the hospital, his doctor told him "[t]his is definitely job-related." He further testified that when he subsequently returned to the restaurant for coffee on a Tuesday morning, he discovered "two people working during the time when I used to work alone." Kroh also relies on a letter from his doctor stating that if he returns to work he "should not do any heavy lifting, however [he] could resume usual activities other than unusual stress or exertion." Kroh's employers, through a letter and testimony at the hearing, stated that Kroh was doing his "normal duties at the time of his heart attack," was "not exposed to any unusual stress outside his normal duties," and that he was performing duties similar to those required of other employees.

We believe that a reasoning mind reasonably could have determined that Kroh's heart condition was not precipitated by unusual stress. The record can reasonably be viewed as lacking evidence of "an unusual or out-of-the-ordinary stress" involved in Kroh's Tuesday work duties. *Ganske v. N.D. Workmen's Comp. Bureau, supra,* 355 N.W.2d at 803. We conclude that the evidence supporting Kroh's contention that his heart condition was precipitated by unusual stress is "not convincing enough to cause us to conclude that the Bureau's decision should be set aside." *Grace v. North Dakota Workmen's Comp. Bureau, supra,* 395 N.W.2d at 582.

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.