Michael K. FLERMOEN, Appellant,

v.

NORTH DAKOTA WORKERS COM-
PENSATION BUREAU, Appellee.

Civ. No. 910006.

Supreme Court of North Dakota.

May 21, 1991.

Letnes, Marshall, Fiedler & Clapp, Ltd.,
Grand Forks, for appellant; argued by

Howard D. Swanson. Appearance by Douglas Giegler, 2nd year law student.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

GIERKE, Justice.

Michael K. Flermoen appealed from a district court judgment upholding a decision of the North Dakota Workers Compensation Bureau (the Bureau) denying Flermoen's request for benefits. We reverse and remand for further proceedings.

Flermoen has been employed as a fireman for ten years with the City of Grand Forks. During April 1989, Flermoen was diagnosed as suffering from testicular cancer. He applied for workers compensation benefits, claiming that he developed the disease in the course of his employment as a fireman. Following a hearing, the Bureau denied Flermoen's request for benefits, and from an affirmance of that decision by the district court Flermoen appealed to this court.

■ A claimant seeking workers compensation benefits from the Bureau has the burden of proving by a preponderance of the evidence that he is entitled to participate in the fund. Section 65–01–11, N.D. C.C. However, Section 65–01–02(17)(d), N.D.C.C., creates a limited exception to this general rule:

"However, any condition or impairment of health of a full-time paid fireman or law enforcement officer caused by lung or respiratory disease, hypertension, heart disease, or exposure to infectious disease as defined by sections 23–07.3–01 and 23–07.3–02, or occupational cancer in a full-time paid fireman, resulting in total or partial disability or death is presumed to have been suffered in the line of duty. The condition or impairment of health may not be attributed to any disease existing before that total or partial disability or death unless the contrary is shown by competent evidence. As used in this subdivision, an occupational cancer is one which arises out of employment as a full-time paid fireman and is due to injury due to exposure to smoke, fumes, or carcinogenic, poisonous, toxic, or chemical substances while in the performance of active duty as a full-time paid fireman...."

This statute shifts the burden of proof from the claimant to the Bureau in cases involving specified conditions or impairments of health suffered by a fireman or law enforcement officer. *Kroh v. North Dakota Workers Compensation Bureau*, 425 N.W.2d 899 (N.D.1988). The presumed fact is that the condition was suffered in the line of duty and is not a preexisting disease, and the statute shifts the burden to the Bureau to prove "that the nonexistence of the presumed fact is more probable than its existence." *Sunderland v. North Dakota Workmen's Compensation Bureau*, 370 N.W.2d 549, 552 (N.D.1985).

Occupational cancer was added in 1987 by the Fiftieth Session of the Legislative Assembly (S.L.1987, Ch. 750, § 1) as a condition for which the presumption applies. The Bureau asserts that the presumption of entitlement to benefits does not apply until the claimant establishes that he is suffering from an "occupational cancer" as that term is defined under the statute. Flermoen asserts that if a fireman demonstrates he suffers from any cancer and has been exposed to smoke, fumes, or other carcinogenic substances in the course of his duties as a fireman he is entitled to the statutory presumption that he has a compensable disease.

■ The interpretation of a statute is a question of law, which is fully reviewable by this court. *Kim–Go v. J.P. Furlong Enterprises, Inc.*, 460 N.W.2d 694 (N.D. 1990). In construing statutory provisions our duty is to ascertain the intent of the Legislature, which must be sought initially from the statutory language. *District 1 Republican Committee v. District 1 Democrat Committee*, 466 N.W.2d 820 (N.D. 1991). If the language of a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. *County of Stutsman v. State Historical Society*, 371 N.W.2d 321 (N.D.1985). In construing a statute we must give meaning, if possible, to every

word, phrase, and sentence. *Rocky Mountain Oil & Gas Association v. Conrad,* 405 N.W.2d 279 (N.D.1987).

Flermoen's reading of this statute essentially eliminates the word "occupational" from the provision. His interpretation would have the presumption apply under the statute whenever a fireman claimant suffers from any cancer irrespective of whether that type of cancer is linked to the occupation of being a fireman and the concomitant exposure to smoke, fumes, and other hazardous substances. We do not agree with Flermoen's reading of the statute. We conclude that the statute is unambiguous in its requirement that the claimant must demonstrate that he has an occupational cancer. If the claimant demonstrates that an occupational cancer is involved, the statute then creates a presumption that the claimant's cancer was suffered in the line of duty.

In its appellate brief, the Bureau makes the following relevant statements regarding the claimant's burden of demonstrating that his cancer is an occupational cancer:

"[C]learly the purpose of the presumption is to apply it in favor of an individual when it has been established, as a general matter, that the occupation somehow increases the risk of a certain type of cancer. Thus, a particular claimant would not need to show that in his case, the cancer was caused by his employment—a nearly impossible burden. It would suffice if, generally speaking, the cancer he sustained was linked to a particular risk (such as exposure to a chemical) associated with his employment."

We agree with this reasoning by the Bureau. To demonstrate that an occupational cancer is involved, the fireman claimant need only show that the type of cancer he has is linked to exposure to smoke, fumes, or other hazardous substances incurred by firemen in the line of duty or that such exposure has been linked to an increased risk of incurring the type of cancer suffered by the claimant. If the claimant demonstrates this linkage by a preponderance of the evidence, the presumption arises under Section 65–01–02(17)(d), N.D.

C.C., that the claimant incurred his cancer in the line of duty and is entitled to benefits. The burden then shifts to the Bureau to prove otherwise.

Having clarified in this opinion the division of responsibilities between the claimant and the Bureau under Section 65–01–02(17)(d), N.D.C.C., we believe that it is appropriate, and that justice requires in this case, that we allow Flermoen to have a rehearing with the opportunity to establish that his claim involves an occupational cancer.

In accordance with this opinion, the judgment is reversed and the case is remanded for a new administrative hearing on Flermoen's claim for benefits.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.