Dorothy BURROWS, Appellee,

v.

NORTH DAKOTA WORKERS'
COMPENSATION BUREAU,
Appellant,

and

The City of Sheyenne, North
Dakota, Respondent.

Civ. No. 930176.

Supreme Court of North Dakota.

Jan. 5, 1994.

Dean J. Haas, Asst. Atty. Gen., North
Dakota Workers' Compensation Bureau, Bis-
marck, for appellant.

Mike Miller of Solberg, Stewart, Boulger,
Miller & Johnson, Fargo, for appellee.

SANDSTROM, Justice.

James Burrows, a 31–year law enforce-
ment officer and a 40–year smoker, died of
lung cancer. The North Dakota Workers
Compensation Bureau denied death benefits
because the lung cancer was caused by smok-
ing and not law enforcement work.

The district court reversed the bureau,
holding the bureau had to prove Burrows
had lung cancer before he entered law en-
forcement. We reverse the district court
decision and hold: (1) the bureau's medical
evidence was sufficient to overcome the stat-
utory presumption that Burrows' cancer was
occupational, and (2) the bureau was not
required to prove Burrows' cancer preexisted
employment.

I

In August 1989, James Burrows was diag-
nosed as suffering from small cell lung carci-
noma. He died from lung cancer on March
8, 1990. Prior to his death, he was employed
as Chief of Police in Sheyenne, North Dako-
ta, for over thirty-one years. He had
smoked one and one-half packs of cigarettes
a day for forty years.

After the death of her husband, Dorothy
Burrows filed an application for death bene-
fits with the bureau. The bureau dismissed
the application. Dorothy Burrows timely pe-
titioned for rehearing. The bureau's admin-
istrative hearing officer held Chief Burrows
was a full-time paid law enforcement officer

entitled to the N.D.C.C. § 65–01–02(17)(d) (Supp.1989) presumption:[1]

"[A]ny condition or impairment of health of a full-time paid fireman or law enforcement officer caused by lung or respiratory disease, ... resulting in total or partial disability or death is presumed to have been suffered in the line of duty. The condition or impairment of health may not be attributed to any disease existing before that total or partial disability or death unless the contrary is shown by competent evidence."

The hearing officer concluded the bureau successfully rebutted the statutory presumption and dismissed Dorothy Burrows' application for death benefits.

Dorothy Burrows appealed to the district court. The district court held the evidence was sufficient to rebut the statutory presumption Chief Burrows' cancer was due to employment. The district court, however, reversed the bureau's denial of benefits. The court held under N.D.C.C. § 65–01–02(17)(d) the bureau must prove Chief Burrows' disease preexisted his employment. The bureau could not prove and did not claim the cancer was preexisting.

## II

*Skjefte v. Job Service North Dakota,* 392 N.W.2d 815 (N.D.1986), sets the appropriate standard of review:

"When we consider an appeal from a judgment of the district court reviewing the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. Our review of administrative decisions is governed by Section 28–32–19, N.D.C.C., and that review requires us to determine: (1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; and (3) if the agency decision is supported by the conclusions of law. The standards we use in making such a determination have been summarized as follows:

"1. We do not make independent findings of fact or substitute our judgment for that of the agency, but determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence.

"2. We exercise restraint when we review administrative agency findings.

"3. It is not the function of the judiciary to act as a super board when reviewing administrative agency determinations.

"4. We will not substitute our judgment for that of the qualified experts in the administrative agencies."

*Skjefte* at 817–18 (citations omitted, footnote omitted).

## III

In *Sunderland v. N.D. Workmen's Comp. Bureau,* 370 N.W.2d 549, 552 (N.D.1985), we explained the effect of the N.D.C.C. § 65–01–02(17)(d) presumption in favor of firefighters and law enforcement officers:

"Procedurally, the presumption operates to shift the burden of proof from the claimant to the Bureau. There are two components of the burden of proof: (1) the burden of going forward with proof, and (2) the burden of persuasion. In North Dakota, presumptions operate to shift both the burden of going forward with evidence and the burden of persuasion. Under this theory, referred to as the Morgan view of presumptions, the party against whom the presumption is directed bears the burden of proving that the nonexistence of the presumed fact is more probable than its existence." (Citations omitted.)

Citing *Sunderland,* Dorothy Burrows contends the bureau has not presented sufficient evidence to rebut the statutory presumption. In *Sunderland,* the claimant sought death benefits for her husband who had been employed as a police officer for thirty-six years. Clarence Sunderland died of lung cancer after being a one pack-a-day smoker for forty years. The bureau denied benefits, claiming

---

1. Section 65–01–02, N.D.C.C., was amended by the legislature in 1991 and 1993. No change was made to the substance of the statutory presumption. The presumption is now located at § 65–01–02(18).

carcinoma of the lung was not included in the statutory presumption as a "respiratory disease;" the evidence showed Clarence Sunderland's cancer was in no way related to his occupation; and a causal connection between his employment and his injury was not established.

In *Sunderland,* we reversed the bureau's decision. We held lung cancer is a respiratory disease under the statute and the weight of the evidence did not support the bureau's finding that the cancer was not occupational. We held, as a matter of law, the bureau erred in concluding it was the claimant's burden to establish a link between the employment and the cancer. We held the burden is on the bureau to prove the lung cancer was more probably caused by smoking, rather than by work as a police officer.

■ The record in this case is distinguishable from *Sunderland.* In *Sunderland,* the bureau relied on a letter from a doctor, stating the cancer was not caused by the occupation. The doctor concluded:

" 'This carcinoma of the lung was not caused by his occupation as a policeman, and his occupation in no way, *as far as we know,* contributed to this difficult illness.' [Emphasis added.]"

*Sunderland* at 553. We concluded the doctor's opinion was not sufficient to overcome the statutory presumption:

"After reviewing the agency's decision, we conclude that a reasoning mind could not have reasonably determined that the Bureau's findings were proved by the weight of the evidence.... [T]he medical evidence on which the Bureau relies simply does not sustain the finding that Clarence's cancer was not occupational in nature."

*Sunderland* at 554.

In this case, a more complete medical record was developed. The hearing officer evaluated the medical opinion of three physicians. The bureau presented expert opinion evidence from Dr. Paul Etzell, the treating physician, and Dr. Delano Pfeifle. Dorothy Burrows presented expert opinion evidence from Dr. Larry Milner.

The hearing officer evaluated the opinions of the three physicians, and concluded:

"I find each physician qualified to render an opinion. I typically give somewhat more weight to a treating physician (all other things being equal) and I do so in this case. However, at the roots of this decision finding the Bureau to have rebutted the presumption, is an analysis of the probabilities that claimant's small cell lung carcinoma was caused by his smoking. Statistically, claimant was 50 times more likely than a non-smoker to develop lung cancer. Dr. Etzell and Dr. Pfeifle believe that the relationship between small cell lung cancer and smoking is clear and convincing. The probability that claimant's lung cancer is due to his smoking is quite strong. The strong probability that claimant's small cell lung cancer is caused by smoking rebuts the presumption at N.D.C.C. § 65–01–02(17)(d). I reject Dr. Milner's conclusion that statistical evidence is insufficient to rebut the presumption. If Dr. Milner's conclusions were the rule of law, the presumption would not be rebuttable, as in any given case, medical science can only provide the probabilities concerning the cause of a complicated condition such as lung and heart disease."

Based on the testimony of Dr. Etzell and Dr. Pfeifle, a reasoning mind could have reasonably determined Chief Burrows' small cell lung cancer was caused by his smoking, and not by his occupation. The bureau successfully rebutted the statutory presumption.

## IV

■ The district court concluded the bureau must rebut two presumptions in order to prevail. First, the bureau must prove the injury was not work related. Second, the bureau must prove the injury preexisted employment. The district court based its decision on our opinion in *Sunderland.* In *Sunderland,* we explained:

"After a close reading of the statute, we are convinced that the statute contains two rebuttable components. In order for the Bureau to rebut the presumption in its entirety, it must show that the disease was

preexisting and that it was not work-related."

*Sunderland* at 554.

While *Sunderland* correctly identifies what is necessary to rebut both components of the presumption in their entirety, it is not necessary for the bureau to rebut both components to prevail. The bureau must establish the illness was not work related, overcoming the presumption it is work related. One of the ways the bureau can establish the illness is not work related is to establish the illness was preexisting, overcoming with competent evidence the presumption it was not preexisting. The bureau correctly argues that since it proved the lack of relationship between Chief Burrows' occupation and his lung cancer, the question of whether the cancer preexisted his employment is irrelevant.

The judgment of the district court is reversed, and the bureau's decision denying death benefits is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.