Fred M. HECTOR, Jr., Plaintiff and Appellant,

v.

BOARD OF TOWNSHIP SUPERVISORS OF STANLEY TOWNSHIP, Defendant and Respondent.

Civ. No. 8605.

Supreme Court of North Dakota.

June 1, 1970.

Wattam, Vogel, Vogel & Peterson, Fargo, for plaintiff and appellant.

Jacque Stockman, Fargo, for defendant and respondent.

STRUTZ, Judge.

The plaintiff purchased a tract of forty acres of land described as the Northeast Quarter of the Southwest Quarter (NE¼SW¼) of Section 24, Township 138 North, Range 49 west of the Fifth Principal Meridian, in Cass County, North Dakota. The plaintiff, in a petition filed with the board of township supervisors of Stanley Township, asserts that the Wild Rice River flows across and divides this tract approximately in half. In a stipulation of agreed facts and procedural history signed

by the attorneys for the respective parties for the purpose of this appeal, the parties stipulate that on March 22, 1968, the plaintiff purchased the property above described and that "The Wild Rice River prevents access to this tract of land from the east. On the north, west and south sides it is surrounded by lands owned by other landowners. There is no public road which touches upon this tract of land."

The stipulation further states that the plaintiff has been unable to gain access to this tract by purchase of an easement from one of the adjoining landowners in order to gain access to the isolated portion of his land from the public road on the west edge of Section 24, nor has he been able to sell the tract to such adjoining landowner; that the plaintiff has been required to pay taxes on this tract, but he has been unable to use it for any purpose.

After acquiring the land, the plaintiff petitioned the board of township supervisors of Stanley Township to open a cartway from the public road over the land of the adjoining owner, as authorized by Section 24–07–06, North Dakota Century Code. The matter came on for hearing before the township board, and thereafter the plaintiff received the following letter from the clerk of said board:

"At the regular meeting of Stanley township board held in the Farmers Elevator office at 9 o'clock P.M. on May 13, 1969, it was the unanimous decision of the board—declining any right of way on the land rented by Anton Rutten, according to your request."

The plaintiff duly filed his notice of appeal from such decision of the township board to the district court of Cass County. The township board, through its attorney, moved to dismiss the appeal on the ground that the court lacked jurisdiction over the subject-matter; that the determination of necessity and expedience for opening such cartway is a legislative power not subject to judicial review, notwithstanding the ap-

parent right of appeal as found in Section 24–07–22, North Dakota Century Code.

The motion to dismiss the appeal came on for hearing before the Honorable Roy K. Redetzke, one of the judges of the district court of Cass County, on July 3, 1969. The court issued its memorandum opinion stating that the motion to dismiss would be treated as a motion to strike the cause from the appeal record of the district court, and ordered the matter stricken. From this order, the plaintiff has appealed to this court.

Section 24–07–06, North Dakota Century Code, under the provisions of which the plaintiff filed his petition for a cartway, provides:

"Whenever any tract of land is surveyed or sold in tracts less than the original subdivision as established by the government survey thereof, so that any part thereof does not touch upon a public road so as to allow the owner of such tract access to a public highway, the board of county commissioners or board of township supervisors, upon petition of such owner, may open a cartway or highway along the lines of any such tract or tracts when in the judgment of such board such cartway or highway is necessary, but no such cartway or highway shall exceed two rods in width unless in the judgment of such board a roadway of such width shall not be sufficient to accommodate the travel thereon."

■ The first question to be determined on this appeal is whether the above section of law would apply in this case. There is nothing in the record before us which establishes the size of the tracts of land in the original subdivision fixed by the Government survey. However, under the United States Public Lands Act, Title 43, United States Code Annotated, patents to public lands generally were issued for tracts of 160 acres. We therefore believe that this court may take judicial notice of

the fact that the tract in question, being a forty-acre tract, is less than the original subdivision contained in the Government survey. The stipulated facts show that this forty-acre tract is bordered on the north, west, and south by lands belonging to others; that the Wild Rice River prevents access to this land from the east; and that there is no public highway which touches upon this particular tract.

We therefore find that the statute providing for the establishment of a cartway to land sold in tracts less than the original subdivision set by the Government survey, which land does not touch a public road so as to allow the owner access thereto, is applicable to the tract in question. The plaintiff therefore is permitted to make application for a cartway under the provisions of this statute.

The next question for our determination is whether Section 24–07–22, North Dakota Century Code, which provides for an appeal by any person who feels aggrieved by any decision of the board of township supervisors in laying out or in refusing to lay out a cartway, is constitutional. The trial court held that this statute is unconstitutional on the ground that it delegates legislative authority to the courts. It found that the law gives to the township board the right to determine, in its judgment, whether the cartway applied for was necessary (Sec. 24–07–06, N.D.C.C.); and it further held that since the determination of necessity for such cartway is to be made "in the judgment of such board," such determination is a legislative function to be performed by the township board, and that giving the courts the authority to pass upon such determination on appeal is an unlawful delegation of legislative power, and therefore unconstitutional, citing City of Carrington v. Foster County, 166 N.W. 2d 377 (N.D.1969).

■ Every statute enacted by the Legislative Assembly is presumed to be constitutional, and will be construed, if possible, as valid. Anderson v. Peterson, 78 N.D. 949, 54 N.W.2d 542; International Printing Pressmen and Assistants Union v. Meier, 115 N.W.2d 18 (N.D.1962); Menz v. Coyle, 117 N.W.2d 290 (N.D.1962).

In considering the constitutionality of a statute, every reasonable presumption in favor of its validity will be adopted. Verry v. Trenbeath, 148 N.W.2d 567 (N.D. 1967).

■ The determination of whether the statute in question is constitutional will depend, we believe, upon whether the decision of the board deals with policy or with facts. If the issue of necessity deals with policy, the question clearly would be legislative, and the courts may not substitute their judgment for that of the township board. If, on the other hand, the determination of necessity for a cartway depends upon facts, an appeal will lie, but the scope of our review on such appeal from the findings of the township board is limited to determining whether there is substantial evidence to support the findings on the question of necessity. If there is substantial evidence to support the findings of the board, courts will not substitute their judgment for that of the township board. It is only when the determination made by the board clearly is arbitrary, capricious, or unreasonable that courts will disturb such decision on appeal.

■ We find that the statute under consideration requires the granting of a cartway if there is no other means of access to a tract of land which was surveyed or sold in tracts less than the original subdivision as established by the Government survey. Where the board makes a determination on such issue, its determination of the facts presented may be appealed. On such appeal, as pointed out above, courts will follow the view that the determination of the board will not be overturned unless it is found to be arbitrary, capricious, or unreasonable. Application of Otter Tail Power Co., 169 N.W.2d 415 (N.D.1969); Applica-

tion of Northern States Power Co., 171 N. W.2d 751 (N.D.1969).

A careful search of the record in this case discloses that there is no evidence to show the basis for the decision of the township board. Whether any evidence at all was presented before the board is not known. If evidence was presented, it was not made a part of the record. We concede that the township board has the power, in the exercise of its judgment, to approve, upon reasonable terms and conditions, or to deny the plaintiff's application for a cartway if there is some other possible means of access to the tract in question. However, such decision on the question of necessity may not be arbitrary, capricious, or unreasonable. If the rule were otherwise, the township board would be able to deny an application for a cartway where there was no other means of access merely because the board members did not like the applicant's politics or his religion or the color of his hair. Such determination clearly would be arbitrary, capricious, and unreasonable.

For reasons stated in this opinion, the order of the district court treating the defendant's motion to dismiss plaintiff's appeal as a motion to strike the cause from the records of the district court and ordering the appeal stricken, and declaring that the appeal provisions of Chapter 24–07 of the North Dakota Century Code are an unconstitutional delegation of legislative power to the courts, is reversed and the case is remanded to the district court with instructions to return the matter to the township board of Stanley Township for the purpose of allowing the parties to submit evidence for and against the granting of the application for a cartway and for a determination by the township board on such application, based upon the record made thereof.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.