Kenneth W. CHRISTIANSON, Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,

Frontier Lumber and City of Williston, Respondents.

Civ. No. 900345.

Supreme Court of North Dakota.

June 3, 1991.

Anseth & Zander, Williston, for appellant, argued by Janet Holter Zander.

Janell M. Knutson (argued), Asst. Atty. Gen., N.D. Workers Compensation Bureau, Bismarck, for appellee.

GIERKE, Justice.

Kenneth Christianson appeals from a district court judgment upholding the North Dakota Workers Compensation Bureau's order denying benefits. Christianson argues that his heart attack was causally related to his employment at Frontier Lumber, Inc. and was precipitated by unusual stress in the course of that employment. He further argues that as a volunteer fireman, he was entitled to the presumption under Section 65–01–02(17), N.D.C.C. We affirm the district court judgment.

Christianson has owned and managed the Frontier Lumber, Inc. since 1980. The business had been profitable. However, beginning in 1986 business declined due to the depressed economy in western North Dakota. Christianson attempted to obtain a disaster relief loan from the Small Business Administration in late 1988. The loan application was denied on or about January 13, 1989. During this time, Christianson also served as a volunteer fireman with the City of Williston. Christianson was the head of the quick attack team and had responded to six fires in the last six weeks before he suffered his heart attack on Jan-

uary 30, 1989. However, he had not been on duty 3 weeks prior to the heart attack. The medical records indicate that Christianson was a heavy smoker, was overweight, had mild hypertension, and reflected a family history of coronary cardiac disease.

■■■ In an appeal from a judgment of a district court involving the decision of an administrative agency, review is limited to an examination of the decision of the agency and not the decision of the district court. *Grace v. North Dakota Workmen's Compensation Bureau*, 395 N.W.2d 576 (N.D. 1986). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, the court does not make independent findings of fact or substitute its judgment for that of the agency, but determines only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the greater weight of the evidence. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979). The claimant has the burden of showing by a preponderance of the evidence that he was actually injured in the course of employment and that the ensuing disability is causally connected to the employment injury. *Inglis v. North Dakota Workmen's Compensation Bureau*, 312 N.W.2d 318 (N.D.1981).

■■■ However, Section 65–01–02(17)(d), N.D.C.C.,[1] creates a limited exception to this general rule by shifting the burden of proof from the claimant to the Bureau in cases involving specified conditions or impairments of health suffered by a full-time paid fireman. *Kroh v. N.D. Workers Compensation Bureau*, 425 N.W.2d 899 (N.D. 1988).

The Bureau denied Christianson's claims ruling that Christianson had failed to prove an injury arising out of and in the course of an employment, that Christianson failed to prove that the heart attack was precipitated by unusual stress in the course of his employment at Frontier Lumber, Inc., and that he failed to prove with reasonable medical certainty that the heart attack was causally connected to his employment at Frontier Lumber, Inc.

■■■ This court stated in *Nelson v. North Dakota Workmen's Compensation Bureau*, 316 N.W.2d 790 (N.D.1982), that whether unusual stress existed must be determined by analyzing the facts of each individual claim. In order to prove that a heart attack is a compensable injury, the claimant must also prove that the attack was causally related to the worker's employment, with reasonable and medical certainty, Section 65–01–02(8)(a)(3), N.D.C.C.[2] Christianson must be able to establish that the heart attack was causally connected to his employment with reasonable medical certainty and that it was precipitated by unusual stress. In order to establish a causal connection between the employment and the heart attack, it is sufficient if the claimant proves that the work related stress was a substantial contributing factor. *Nelson, supra* at 795. The fact that Christianson had other physical conditions or personal habits which made him more prone to heart disease is not a reason for denying a claim if the preponderance of the evidence indicates that the heart attack was causally related to his employment, with reasonable medical certainty and was precipitated by unusual stress. *Id.* The

1. Section 65–01–02(17)(d), N.D.C.C., provides:
   " 'Fairly traceable to the employment' when used to modify the term 'disease' means only a disease which:
   "d. However, any condition or impairment of health of a full-time paid fireman or law enforcement officer caused by lung or respiratory disease, hypertension, heart disease, or exposure to infectious disease as defined by section 23–07.3–01 and 23–07.3–02, or occupational cancer in a full-time paid fireman, resulting in total or partial disability or death is presumed to have been suffered in the line of duty ..."

2. Section 65–01–02(8)(a)(3) reads as follows:
   " 'Compensable injury' means an injury by accident arising out of and in the course of employment.
   "a. The term 'compensable injury', in addition to an injury by accident, includes:
   "(3) Injuries due to heart attack, stroke, and mental injury precipitated by mental stimulus, which must be causally related to the worker's employment, with reasonable medical certainty, and which must have been precipitated by unusual stress".

record reflects that Christianson exhibited the risk factors associated with heart disease, including a history of smoking, obesity, hypertension and a family history of cardiac disease. In order to satisfy the "unusual stress" requirement of § 65–01–02(8)(a)(3), N.D.C.C., the work causing the heart attack need not be different in nature from the claimant's usual work. Rather, "so long as the conditions of performing the work are such that an exceptional strain is imposed on the worker so great that his heart is affected and damaged thereby, the requirement of unusual or excessive strain is satisfied." *Grace v. N.D. Workmen's Comp. Bureau*, 395 N.W.2d 576, 581 (N.D.1986) [quoting *Schechter v. State Insurance Fund*, 6 N.Y.2d 506, 190 N.Y.S.2d 656, 660, 160 N.E.2d 901, 904 (1959)].

■ Christianson's claim that his heart condition was precipitated by unusual stress is premised on the rejection of his SBA loan application when his business was in difficult financial straits. The evidence showed that Christianson's hours and duties at Frontier Lumber, Inc., on the day he suffered the heart attack were not significantly different than on other days.

There was no medical testimony showing with reasonable medical certainty, that Christianson's heart attack was causally related to his employment. Further, there is no evidence in the record that the heart attack was precipitated by unusual stress. Christianson's stress associated with his financial difficulties was not unusual in that the business ceased to be profitable several years prior to his heart attack and is similar to stress experienced by any small business owner during a recession.

■ Christianson argues that Section 65–06–02, N.D.C.C., provides that volunteer firefighters "are entitled to the same protection and rights under the provisions of this title as are full-time paid employees of such municipalities." This provision extends rights and benefits to municipal employees generally. The specific presumptions set forth in Section 65–01–02(17)(d), N.D.C.C., do not apply to all municipal employees, they only apply to full-time munici-

pal firemen. This section of law is not ambiguous and thus is not susceptible to any other interpretation. Therefore, according to the plain language of the statute, the presumption does not apply to volunteer firefighters or those who are not full-time paid firemen. There is no inconsistency between Sections 65–01–02(17)(d) and 65–06–02, N.D.C.C.

We conclude that the findings of the Bureau concerning unusual stress were supported by the evidence and the conclusion that he was not entitled to the presumption contained in Section 65–01–02(17)(d) was correct. We affirm.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.