Curtis E. GISSEL and Joan E. Gissel, Plaintiffs, Appellees, Appellants, and Cross–Appellants,

v.

KENMARE TOWNSHIP, Minot Paving Company, Inc., Defendants,

and

Kenmare Municipal Airport Authority, Defendant, Appellant, Appellee, and Cross–Appellee.

Curtis E. GISSEL and Joan E. Gissel, Plaintiffs, Appellees, Appellants, and Cross–Appellants,

v.

KENMARE TOWNSHIP, Defendant.

Civ. Nos. 930095, 930150.

Supreme Court of North Dakota.

Feb. 23, 1994.

Robert S. Rau, Bosard, McCutcheon & Rau, Ltd., Minot, for plaintiffs, appellees, appellants, and cross-appellants. Appearance by Curtis E. and Joan E. Gissel.

Robert J. Hovland, McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant, appellant, appellee, and cross-appellee.

VANDE WALLE, Chief Justice.

The Kenmare Municipal Airport Authority [Airport] appealed from a judgment awarding Curtis and Joan Gissel $32,044.98, plus interest, for just compensation, costs, disbursements, and attorney's fees in the Gissels' inverse condemnation action against Airport and Kenmare Township. Gissels cross-appealed. We affirm.

As part of a plan to extend its runway, Airport brought an eminent domain action against Kenmare Township in July 1989 to acquire and close over 800 feet of a section line road that passed between property owned by Airport and Gissels. See N.D.C.C. §§ 2–06–07, 2–06–08 and 2–06–17. Airport did not name Gissels in that eminent domain action; however, it indicated that it would indemnify Kenmare Township if the adjacent landowner sought damages for closure of the road. Airport and Kenmare Township settled that action, and a judgment was entered ordering Airport to pay Kenmare Township $32,900 for "the cost of construction or upgrading of alternative routes."

In September 1989 Gissels brought this inverse condemnation action against Kenmare Township and Airport,[1] seeking to enjoin closure of the road and to obtain just compensation for damages to their property. The district court temporarily enjoined closure of the road until Gissels' rights in the property were extinguished "as provided for by law."

On December 5, 1989, the Kenmare Township Board of Commissioners [Board] held a hearing under Chapter 24–07, N.D.C.C., on a petition to close the section line road. At that hearing, Gissels presented evidence that they would incur $3,400 in damages because of the road closing. The Board voted to close the road and to award Gissels $3,400 for loss of access to their property. Gissels appealed the Board's decision to the district court under Section 24–07–22, N.D.C.C., and that appeal was consolidated with their inverse condemnation action. On February 22, 1990, Kenmare Township made an offer of settlement under Rule 68(a), N.D.R.Civ.P., of "$3,400.00 plus reasonable attorney's fees and costs incurred" by Gissels. However, Gissels did not accept that offer. On March 1, 1990, the district court ordered Airport to pay Gissels $7,600 as partial attorney's fees incurred because they were forced to bring an inverse condemnation action after their rights had been disregarded in Airport's eminent domain action against Kenmare Township.

Kenmare Township thereafter moved for summary judgment dismissal of Gissels' appeal from the Board's decision to close the road. The district court dismissed Gissels' appeal, concluding that proper procedures

---

1. Gissels also initially sued Minot Paving Company, Inc., Airport's contractor for the improvements to the airport. The parties subsequently stipulated to dismiss the action against Minot Paving.

had been followed to close the road and to take Gissels' property. The court also dissolved the temporary injunction and ordered a jury trial to determine just compensation in Gissels' inverse condemnation action.[2]

A jury thereafter awarded Gissels $3,400 as just compensation in their inverse condemnation action. The court awarded Gissels interest of $568.68 through September 22, 1992, and a $3,968.68 "judgment before insertion of costs, disbursements, and attorney's fees" was entered. Airport and Kenmare Township moved to amend that judgment, requesting that their costs of $1,096.65 be deducted from the judgment under either Section 24–07–29, N.D.C.C., or Rule 68(a), N.D.R.Civ.P. Gissels also moved to amend the judgment, seeking $49,970.50 for their costs, disbursements, and attorney's fees. The court awarded Gissels $28,076.30 for costs, disbursements, and attorney's fees, resulting in a final judgment of $32,044.98, plus interest. Airport appealed, and Gissels cross-appealed.

In their cross-appeal, which we consider first, Gissels assert that the district court erred in refusing to allow them to present relevant evidence to the jury about the settlement agreement in Airport's eminent domain action against Kenmare Township and the $32,900 judgment in that action. They claim that evidence was relevant to show collusion and the value of the township road as established by the judgment.

■ Relevant evidence means evidence that would reasonably prove or disprove any fact that is of consequence to the determination of an action. Rule 401, N.D.R.Ev.; *Williston Farm Equipment, Inc. v. Steiger Tractor, Inc.,* 504 N.W.2d 545 (N.D.1993). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evi-

dence." Rule 403, N.D.R.Ev.; *Williston Farm Equipment v. Steiger Tractor, supra.* We review a trial court's determinations on both the relevancy of evidence and balancing the evidence's probative value against dangers of prejudice and confusion under the abuse-of-discretion standard. *Williston Farm Equipment v. Steiger Tractor, supra.* A trial court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner. *Wall v. Penn. Life Ins. Co.,* 274 N.W.2d 208 (N.D.1979). We will not find a trial court's decision arbitrary, unconscionable, or unreasonable if the decision is the product of a rational mental process in which the facts and law are stated and are considered together for the purpose of achieving a reasoned and reasonable determination. *McMurl v. Minch,* 506 N.W.2d 413 (N.D. 1993).

■ Gissels sought to introduce evidence of the settlement between Airport and Kenmare Township and the judgment ordering Airport to pay Kenmare Township $32,900 for "the cost of construction or upgrading of alternative routes." Landowners are entitled to just compensation for damages incurred by them because of a taking, which includes a substantial impairment of established access. *See, e.g., Boehm v. Backes,* 493 N.W.2d 671 (N.D.1992). Here, the $32,900 judgment represents compensation to Kenmare Township for the cost of constructing and upgrading alternative roads as a result of the closure of the section line road in Airport's condemnation action against Kenmare Township. Gissels' proffered evidence of the circumstances of the settlement and Kenmare Township's unique damages is not probative of any peculiar damages suffered by Gissels because of this taking. The district court did not abuse its discretion in determining that the relevance of that evidence was substantially outweighed by the dangers of confusing and misleading the jury about the specific damages incurred by Gissels.

---

**2.** After this court dismissed Gissels' interlocutory appeal from those orders because there was no Rule 54(b), N.D.R.Civ.P., certification [*Gissel v. Kenmare Township,* 463 N.W.2d 668 (N.D. 1990)], the parties filed cross-motions, asking the district court to reconsider those orders. The

district court denied their cross-motions and entered a Rule 54(b) certification. In *Gissel v. Kenmare Township,* 479 N.W.2d 876 (N.D.1992), we concluded the Rule 54(b) certification was improvidently granted and dismissed appeals by Gissels and Airport.

Gissels raise several issues involving their appeal to the district court from the Board's decision to close the section line road. They argue that the court erred in refusing to allow them to present evidence to the jury on the necessity for the road closure. They also contend that the Board's decision must be reversed because Board members allegedly were rewarded for lost wages and inconvenience resulting from the proceeding to close the road and because the chairman of the Board was a petitioner to close the road and decided his own petition. Our review of those issues requires an analysis of the procedural posture of these proceedings and is interrelated with review of the necessity for the taking of this property.

After they were not named in Airport's eminent domain action against Kenmare Township, Gissels brought this inverse condemnation action against the defendants under Art. 1, § 16, N.D. Const., and Chapter 32–15, N.D.C.C. *See, e.g., Boehm v. Backes, supra; Cady v. North Dakota Department of Transportation,* 472 N.W.2d 467 (N.D.1991); *Arneson v. City of Fargo,* 331 N.W.2d 30 (N.D.1983); *Guerard v. State,* 220 N.W.2d 525 (N.D.1974). The district court enjoined closure of the road until Gissels' rights were extinguished "as provided for by law." The procedures to close the road under Chapter 24–07, N.D.C.C., were then interjected into Gissels' lawsuit; however, it remained an inverse condemnation action under Chapter 32–15, N.D.C.C.

▮▮ In inverse condemnation proceedings under Chapter 32–15, N.D.C.C., and in proceedings under Chapter 24–07, N.D.C.C., the issue of necessity for a proposed taking is ultimately a question for the court. *Boehm v. Backes, supra; Oakes Municipal Airport Authority v. Wiese,* 265 N.W.2d 697 (N.D. 1978); *Hector v. Board of Township Supervisors of Stanley Tp.,* 177 N.W.2d 547 (N.D. 1970); *Northern Pacific Railway Co. v. Morton County,* 131 N.W.2d 557 (N.D.1964); *Kessler v. Thompson,* 75 N.W.2d 172 (N.D. 1956); N.D.C.C. § 32–15–05(2). A jury's role in both an eminent domain and a road closure proceeding is limited to a determination of a landowner's damages. *Hultberg v. Hjelle,* 286 N.W.2d 448 (N.D.1979); *Kessler*

*v. Thompson, supra.* Those authorities demonstrate that, regardless of how these proceedings are characterized, the district court did not err in refusing to allow Gissels to present evidence to the jury on the necessity for the road closure.

▮▮ Moreover, a condemning authority's determination to exercise the power of eminent domain for an authorized public use is a legislative question which is not subject to judicial review. *Oakes Municipal Airport Authority v. Wiese, supra.* A court thus cannot disturb an airport authority's determination that a new airport facility is necessary; rather, a court's review of public necessity for a taking by an airport authority is limited to whether the particular property is reasonably suitable and usable for the public use. *Id.* A condemning authority is given latitude to determine the location and extent of the property to be acquired, and a taking is not objectionable because other property may have been suitable for the taking. *Id.*

▮▮ Here, Airport is the condemning authority. The Legislature has authorized an airport authority to exercise the powers of eminent domain for acquisition of property to enlarge an airport facility. Sections 2–06–07(3), 2–06–08, N.D.C.C. Although the Legislature has deemed an airport authority's acquisition of land to enlarge an airport facility to be a public necessity [Section 2–06–17, N.D.C.C.], under both the eminent domain and road closure procedures, the issue of necessity for a particular taking ultimately remains a question for a court to review. *Oakes Municipal Airport Authority v. Wiese, supra; see Hector v. Board of Township Supervisors, supra; Kessler v. Thompson, supra.*

The district court recognized that this case involved the "blending" of an eminent domain action and a road closure proceeding and, relying on the entire record, determined that there had been compliance with the law for taking property for a public necessity. Whether private property has been taken for a public improvement is a question of law. *Boehm v. Backes, supra.* The court considered the record of the proceeding before the Board, which included evidence about the

necessity of extending the airport runway to the center of the section line road to comply with federal requirements to upgrade the airport. That evidence supports a determination that Airport's taking of this property for airport expansion was for a public necessity. The net result of that determination is a closing of the road. Under the circumstances of this case, we believe Gissels' rights were fully protected by the blended proceedings, and we are not persuaded that the district court erred in its legal analysis of the effect of the road closure proceeding and its determination of the public necessity for the taking of this property.[3]

Airport asserts that Gissels did not obtain a more favorable result after they appealed from the Board's December 5, 1989 order closing the road, and that under Section 24-07-29, N.D.C.C.,[4] they must pay their own and the defendants' costs, disbursements, and attorney's fees incurred after that date. Airport also asserts that Gissels did not receive a more favorable jury verdict than the February 22, 1990 offer of settlement, and that under Rule 68(a), N.D.R.Civ.P.,[5] they must pay their own and the defendants' costs, disbursements, and attorney's fees incurred after that date.

We conclude that neither Rule 68, N.D.R.Civ.P., nor Section 24-07-29, N.D.C.C., is applicable to Gissels' inverse condemnation action. Section 32-15-33, N.D.C.C., provides that "[e]xcept as otherwise provided in this chapter, the provisions of the North Dakota Rules of Civil Procedure are applicable to and constitute the rules of practice in" eminent domain proceedings under Chapter 32-15, N.D.C.C. *See Northern Pacific Railway Co. v. Morton County*, 131 N.W.2d 557 (N.D.1964). However, Rule 81(a), N.D.R.Civ.P., excepts special statutory proceedings, including eminent domain proceedings under Chapter 32-15, N.D.C.C., from the rules of civil procedure insofar as

---

3. Because we agree with the district court's conclusion that Airport's taking of this property was for a public necessity, we do not consider Gissels' assertions that the Board's order closing the road must be reversed because of alleged financial rewards given to Board members and because the chairman of the Board was a petitioner in the proceeding to close the road and was therefore biased and impartial. Those issues are not germane to a court's analysis of the legal issue of public necessity of the taking of this property by the condemning authority, Airport. The net effect of the court's determination of public necessity for this taking is the same as a road closing.

Moreover, the "rule of necessity" requires public officers whom would be otherwise disqualified to participate in a decisionmaking process when no provision has been made for a substitute tribunal. *Danroth v. Mandaree Public School District No. 36*, 320 N.W.2d 780 (N.D. 1982); *First American Bank & Trust Co. v. Ellwein*, 221 N.W.2d 509 (N.D.), *cert. denied*, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974).

4. Section 24-07-29, N.D.C.C., provides:

"*Costs of appeal.* If the determination of the board appealed from is affirmed, or if the amount of damages allowed is reduced, the party appealing shall pay all costs and disbursements incurred in the appellate court, but if the amount of damages allowed is increased, or if the determination is altered, modified, or reversed, otherwise than as to the amount of damages, such costs and disbursements must be paid by the township or county, as the case may be. Said costs and disbursements must be taxed as in other cases in the appellate court, and judgment entered therefor in like manner."

5. Rule 68(a), N.D.R.Civ.P., provides:

"*(a) Offer of Settlement.* At any time more than 10 days before the trial begins, any party may serve upon an adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer, with costs then accrued and to enter into a stipulation dismissing the claim or to allow judgment to be entered accordingly. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment upon order of the court. An offer not accepted is deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the judgment is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. If liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, any party may make an offer of settlement under this rule, which has the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days before the commencement of hearings to determine the amount or extent of liability."

the special statutory proceedings conflict with the rules.

 Rule 68(a), N.D.R.Civ.P., applies to offers of settlement in civil actions and requires an offeree to pay costs incurred after the making of an offer, if "the judgment is not more favorable than the offer." However, Section 32–15–32, N.D.C.C., specifically addresses costs in eminent domain proceedings and provides:

"The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal without prejudice to right of appeal, costs on appeal, and reasonable attorney's fees for all judicial proceedings. If the defendant appeals and does not prevail, the costs on appeal may be taxed against him. In all cases when a new trial has been granted upon the application of the defendant and he has failed upon such trial to obtain greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him."

Section 32–15–32, N.D.C.C., outlines limited circumstances for shifting costs to a landowner in an eminent domain action, but is silent about shifting costs when there is a refusal of an offer of settlement. However, Section 32–15–06.1, N.D.C.C.,[6] imposes a duty on the condemnor to negotiate and to submit an offer of just compensation to the landowner. That statute and Section 32–15–06.2, N.D.C.C., were enacted in 1981 N.D.Sess. Laws ch. 353, and as originally introduced, included a proposed amendment to Section 32–15–32, N.D.C.C., to authorize the award of "litigation expenses" to the landowner in certain situations, including the instance when a condemnation award exceeded the condemnor's offer by certain specified amounts.[7] The Legislature did not adopt

---

6. Section 32–15–06.1, N.D.C.C., provides:

*"Duty to negotiate—Just compensation—Appraisals.*
"1. A condemnor shall make every reasonable and diligent effort to acquire property by negotiation.
"2. Before initiating negotiations for the purchase of property, the condemnor shall establish an amount which it believes to be just compensation therefor and promptly shall submit to the owner an offer to acquire the property for the full amount so established. The amount shall not be less than the condemnor's approved appraisal or written statement and summary of just compensation for the property.
"3. In establishing the amount believed to be just compensation, the condemnor shall disregard any decrease or increase in the fair market value of the property caused by the project for which the property is to be acquired or by the reasonable likelihood that the property will be acquired for that project, other than a decrease due to physical deterioration within the reasonable control of the owner.
"4. The condemnor shall provide the owner of the property with a written appraisal, if one has been prepared, or if one has not been prepared, with a written statement and summary, showing the basis for the amount it established as just compensation for the property. If appropriate, the compensation for the property to be acquired and for the damages to remaining property shall be separately stated."

7. That proposed amendment provided:

"2. As used in this section, 'litigation expenses' means the sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, expert witness, and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners or any court.
"3. In lieu of costs, the court shall award litigation expenses to the defendant if any of the following occur:
"a. The court determines the plaintiff does not have the right to condemn part or all of the property described in the plaintiff's written offer to purchase and complaint or there is no necessity for its taking.
"b. The landowner prevails in an inverse condemnation action.
"c. The condemnation commissioners' award exceeds the plaintiff's written offer by at least seven hundred dollars and at least fifteen percent and neither party appeals the award to the district court.
"d. The court or jury verdict exceeds the plaintiff's written offer by at least seven hundred dollars and at least fifteen percent.
"e. The defendant appeals a condemnation commissioners' award which exceeds the plaintiff's written offer by at least seven hundred dollars and at least fifteen percent, and the court or jury verdict exceeds the condemnation commissioners' award by at least seven hundred dollars and at least fifteen percent.
"f. The plaintiff appeals the condemnation commissioners' award, and the court or jury verdict exceeds the plaintiff's written offer by at least seven hundred dollars and at least fifteen percent.

that proposed amendment to Section 32–15–32, N.D.C.C. Although the legislative history does not explain the reason for that action, the rejection of that proposed amendment limits cost shifting in eminent domain proceedings to those specific situations already delineated in Section 32–15–32, N.D.C.C., regardless of negotiations or offers of settlement. We conclude the provisions for cost shifting in Section 32–15–32, N.D.C.C., are specific and are "as otherwise provided in" Chapter 32–15, N.D.C.C., so that the generalized cost-shifting provisions of Rule 68(a), N.D.R.Civ.P., are inapplicable to eminent domain proceedings.

▊ Furthermore, we are not persuaded that Section 24–07–29, N.D.C.C., applies to Gissels' inverse condemnation action. Although road closure proceedings under Chapter 24–07, N.D.C.C., were interjected into this lawsuit, Gissels' litigation remained an inverse condemnation action under Chapter 32–15, N.D.C.C. Under these circumstances, we agree with the district court that the defendants cannot now claim the benefit of Section 24–07–29, N.D.C.C., to the exclusion of Section 32–15–32, N.D.C.C. We hold that Section 32–15–32, N.D.C.C., governs the award of costs in Gissels' inverse condemnation action.

Gissels and Airport both argue that the district court erred in awarding attorney's fees under Section 32–15–32, N.D.C.C. The district court awarded $28,076.30 in costs, disbursements, and attorney's fees to Gissels. Airport asserts the court erred in calculating attorney's fees incurred before the Board's decision on December 5, 1991, to close the road and in awarding any attorney's fees incurred after that date. Gissels respond that the court erred in not awarding them their requested costs, disbursements, and attorney's fees of $49,970.50.

▊ Under Section 32–15–32, N.D.C.C., the trial court may, in its discretion, award attorney's fees for all judicial proceedings in an inverse condemnation action. *City of Devils Lake v. Davis,* 480 N.W.2d 720 (N.D.1992); *Arneson v. City of*

*Fargo, supra; United Power Ass'n v. Moxness,* 267 N.W.2d 814 (N.D.1978). The determination of the amount of attorney's fees is left to the discretion of the trial court. *Arneson v. City of Fargo, supra.*

In *City of Bismarck v. Thom,* 261 N.W.2d 640, 646 (N.D.1977), we outlined a non-exclusive list of guidelines for consideration in awarding attorney's fees:

"(1) the time and labor required on legal work as distinguished from clerical and investigation; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent *but only as it may be helpful in demonstrating the attorney's expectations* (see *Clark v. American Marine Corp.,* 320 F.Supp. 709 (E.D.La.1970), where the court said the criterion for the court is not what the parties agreed but what is reasonable); (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases.

\* \* \* \* \* \*

"[I]n determining a reasonable fee the trial judge must first determine the number of hours expended. Whenever possible his findings should be made upon contemporaneous records, and when such records are not available, then upon reasonable reconstruction or estimates of time amounts. The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the 'lodestar.' The hourly rate can be adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.

"g. The defendant appeals a condemnation commissioners' award which does not exceed the plaintiff's written offer by fifteen percent, and the court or jury verdict exceeds the plaintiff's written offer by at least seven hundred dollars and at least fifteen percent."

"The trial court or judge should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. The number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees." [Emphasis in original].

In this case, the district court initially awarded Gissels $7,600 for attorney's fees incurred before December 5, 1991, because Gissels' rights were totally disregarded in Airport's eminent domain action against Kenmare Township. The court later determined:

"What should have been a simple case turned complex because it was started badly.

"What should have been a straightforward problem with valuation became a litigation marathon with pit stops for appeals.

\* \* \* \* \* \*

"The Defendants activity was begun before the first court hearing; the damage thus done compensation had to be assessed and paid without diminution for costs and disbursements. The Gissels are entitled to their costs and disbursements including attorney fees.

"To place the property owner in the position of having to risk payment of often substantial expenses incurred by the condemning authority for expert witnesses, other costs and attorney's fees, as well as his own expenses in order to secure even an initial adjudication of the amount to which he is entitled, would so chill the right to secure just compensation as to nullify the effectiveness of the constitutional provisions. . . .

"I find the amount of reasonable fees to be awarded pursuant to § 32–15–32 NDCC to be $14,000. Added to this is the $7,000 [sic] I have already awarded as attorney fees for the initial motion to enjoin further activity on the project without complying with the law regarding appropriation of property or the closing of roads. This makes total attorney fees of $21,000 [sic]. The reduction from the amount requested results from consideration of the novelty or complexity of the issues; the action was made burdensome but not complex. Also considered was the number of hours tallied. Many hours seemed unnecessary. I find too, that there were overextended conferences and an improvident appeal."

We agree with the observation of the district court. The court was painfully familiar with the entire course of proceedings involved with this action and was in the best position to exercise its discretion in awarding attorney's fees. Based upon the entire record, we cannot say the court's award of costs, disbursements, and attorney's fees under Section 32–15–32, N.D.C.C., was arbitrary, capricious, or unreasonable. The court considered the facts and the law and reached a reasoned and reasonable determination. The court's award was not an abuse of its discretion.

We affirm the judgment.

MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.