2010 ND 99

Margaret DUTTON, Claimant and Appellant

v.

WORKFORCE SAFETY & INSURANCE, Appellee

and

Sheyenne Dakota, Inc., Respondent.

No. 20090177.

Supreme Court of North Dakota.

June 10, 2010.

Mark G. Schneider, Fargo, N.D., for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee.

MARING, Justice.

[¶1]   Margaret Dutton appealed from a district court judgment affirming a final order of Workforce Safety and Insurance ("WSI") that awarded her permanent partial impairment ("PPI") benefits for work-related injuries.  We reverse the district court judgment and remand for entry of judgment reversing WSI's final order.

I

[¶2]   In 1986, Dutton sustained a work-related wrist injury.  She filed a claim for workers compensation benefits which was accepted by WSI. In 1993, Dutton sustained a work-related back injury.  Again, she applied for workers compensation benefits and WSI accepted the claim.  Dutton continued to suffer problems with her back and wrists, and ultimately had three back surgeries and carpal tunnel release surgery on both of her wrists.  Dutton also suffered from depression related to her back and wrist injuries.

[¶3]   In 2003, Dutton underwent evaluations to determine whether she was entitled to a PPI award.  Dr. Cooper evaluated Dutton's back and wrists, and Dr. Swenson conducted a psychological evaluation.  Based upon the opinions of Dr. Cooper and Dr. Swenson, WSI issued an order determining that Dutton had sustained a combined 53 percent whole body impairment for her back, wrist, and depression problems.

[¶4]   Dutton requested a rehearing, arguing that she was entitled to further evaluation and impairment for her chronic pain.  At that time, a WSI administrative rule prohibited any separate "rating" for pain when calculating an injured claimant's percentage of impairment for purposes of a PPI award.  Because there was another case pending in which the validity of that administrative rule was being challenged, Dutton and WSI agreed to hold Dutton's

case in abeyance until the issue was resolved in the other case. Ultimately, an administrative law judge held that the administrative rule was void as a matter of law, and the district court upheld the ruling on appeal.[1]

[¶ 5] In May 2005, after the administrative rule had been declared void, counsel for WSI wrote a letter to Dr. Cooper asking whether he had conducted an informal pain assessment when he conducted the PPI evaluations of Dutton's back and wrists in 2003 and whether Dutton was entitled to further evaluation and impairment for her chronic pain. Dr. Cooper responded by letter dated January 13, 2006, stating that he had conducted an informal pain assessment in 2003 and that Dutton's pain was included as a component in his ratings of the impairment to Dutton's back and wrists under the American Medical Association's Guides to the Evaluation of Permanent Impairment (5th ed. 2001) ("the Guides"). Dr. Cooper concluded:

> Based on the above information, to a reasonable degree of medical certainty, Ms. Dutton's conventional impairment rating require[s] no additional impairment rating for pain for either the lumbar or the upper extremity regions.

[¶ 6] Sometime between 2003, when he conducted the initial PPI evaluations of Dutton, and 2005, when he was asked by WSI's counsel for a further opinion, Dr. Cooper was hired as the Medical Director of WSI. Thus, when he gave his opinion that no further evaluation or impairment based upon Dutton's chronic pain was warranted, Dr. Cooper was employed by and serving as the Medical Director of WSI.

[¶ 7] An administrative law judge ("ALJ") was appointed to conduct the rehearing, and the parties agreed that the issues could be determined on briefs and a stipulated record. Dr. Cooper's letter expressing his opinion that Dutton was not entitled to an additional impairment rating based upon pain was included in the record. Dutton requested that a 2005 deposition taken of Dr. Cooper in an unrelated case, in which he allegedly testified he had never before conducted a pain evaluation under Chapter 18 of the Guides, be included in the stipulated record. WSI objected, and the ALJ ruled that the deposition was inadmissible.

[¶ 8] The ALJ issued his findings of fact, conclusions of law, and order recommending that WSI's order awarding PPI benefits for a 53 percent whole body impairment and denying additional PPI benefits be affirmed. WSI adopted the recommended decision of the ALJ as its final order, and Dutton appealed to the district court. The district court affirmed WSI's final order.

II

[¶ 9] Dutton challenges the reliance by WSI and the ALJ upon Dr. Cooper's opinion that Dutton was not entitled to a further evaluation and impairment rating for her chronic pain because her pain had been adequately considered and encompassed within his original impairment ratings for Dutton's back and wrists. Dutton claims that Dr. Cooper's testimony is not credible as a matter of law because in 2003, when he conducted the original PPI evaluations, WSI's administrative rule prohibited any rating for pain when calcu-

1. WSI subsequently amended its administrative rule to allow a physician conducting a PPI evaluation to assess whether the claimant's pain increased the burden of the claimant's underlying impairing condition beyond that ordinarily experienced with the condition, and to increase the impairment percentage based upon the heightened pain under certain circumstances. *See* N.D. Admin. Code § 92–01–02–25(4).

lating a PPI award and there would have been no reason for Dr. Cooper to consider or evaluate Dutton's pain when conducting the PPI evaluations. Dutton also challenges the ALJ's refusal to admit the 2005 deposition of Dr. Cooper, alleging the deposition would have demonstrated that Dr. Cooper was unqualified to render an opinion regarding Dutton's impairment due to chronic pain because he had never conducted an evaluation of pain under Chapter 18 of the Guides and was unfamiliar with Chapter 18, which outlines assessment and evaluation of pain under the Guides. Dutton further contends that Dr. Cooper was not an independent and unbiased evaluator and was therefore not qualified to give an opinion on Dutton's right to further impairment based upon her chronic pain. We conclude the latter issue is dispositive in this case.

[¶ 10] The legislature has mandated that all PPI evaluations be conducted in accordance with the Guides. N.D.C.C. § 65–05–12.2(6). WSI's administrative rules also recognize that PPI evaluations "must be performed in accordance with" the Guides. N.D. Admin. Code § 92–01–02–25(2). The Guides require that a physician conducting a PPI evaluation be independent and unbiased:

> The physician's role in performing an impairment evaluation is to provide an independent, unbiased assessment of the individual's medical condition, including its effect on function, and identify abilities and limitations to performing activities of daily living as listed in Table 1–2.

The Guides, at § 2.3. In addition, WSI engaged an expert witness, Dr. Christopher Brigham, the editor of the AMA Guides newsletter, to address the application of the Guides. In response to questioning regarding evaluation of pain and whether the evaluating physician was required to use clinical judgment in making that assessment, Dr. Brigham expressly noted that Section 2.3 of the Guides requires that evaluating physicians "need to be independent, unbiased in terms of that assessment."

[¶ 11] In this case, Dr. Cooper could not be considered independent and unbiased in 2006 when he rendered his opinion that Dutton's chronic pain was adequately considered and encompassed within the ratings for her back and wrists, and that she was not entitled to an additional evaluation or impairment for pain. Under the circumstances in this case, Dr. Cooper's independence was clearly called into question when he was asked to render an independent, unbiased opinion while he was employed as the Medical Director at WSI. We conclude that Dutton's PPI evaluations were not conducted in accordance with the Guides as required by N.D.C.C. § 65–05–12.2(6) because her chronic pain was not considered and evaluated by an independent, unbiased physician.

[¶ 12] WSI's denial of additional PPI benefits was premised upon Dr. Cooper's improper opinion. Accordingly, we reverse the judgment of the district court affirming WSI's order, and we remand for entry of judgment reversing WSI's final order and directing that Dutton be provided a further PPI evaluation for her chronic pain under Chapter 18 of the Guides and N.D. Admin. Code § 92–01–02–25(4) conducted by an independent, unbiased physician.

## III

[¶ 13] Dutton filed a motion seeking attorney fees and costs on appeal under N.D.C.C. § 28–32–50, alleging WSI's denial of additional PPI benefits was not substantially justified. Section 28–32–50(1) provides:

> In any civil judicial proceeding involving as adverse parties an administrative

agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, determines that the administrative agency acted without substantial justification.

The determination whether the agency acted with substantial justification is discretionary with the district court, and we will overturn the district court's decision only if it abused its discretion. *Tedford v. Workforce Safety & Ins.*, 2007 ND 142, ¶ 26, 738 N.W.2d 29.

[¶ 14] Dutton suggests that the district court did not reach the issue of substantial justification and attorney fees because it affirmed WSI's final order. She therefore requests that we now "remand to the district court to award attorney's fees at the district court level and for fees at the Supreme Court level." Although the district court did not expressly address "substantial justification" in those terms, its memorandum opinion and judgment nevertheless resolved the issue. The district court made a de facto determination that WSI's position in its final order was substantially justified when it agreed with WSI's reasoning and affirmed the final order. We therefore will review the district court's de facto determination for an abuse of discretion.

[¶ 15] An administrative agency's position is substantially justified, even if it is ultimately found to be incorrect, if a reasonable person could think the position is correct and the position has a reasonable basis in law and fact. *Tedford*, 2007 ND 142, ¶ 25, 738 N.W.2d 29; *Rojas v. Workforce Safety & Ins.*, 2006 ND 221, ¶ 17, 723 N.W.2d 403. The fact that the agency convinced a district court that its legal position was correct is a "strong indicator" that its position was substantially justified. *Tedford*, at ¶ 27.

[¶ 16] This case presented close questions on unsettled areas of the law. *See id.* at ¶ 28. The district court accepted WSI's legal and factual arguments and affirmed WSI's final order. Our reversal of the district court judgment and rejection of WSI's position is based upon the narrow issue, previously unsettled, of the propriety of WSI's Medical Director participating in the PPI evaluation and providing the expert opinion which served as the evidentiary basis for denial of the injured worker's claim for additional PPI benefits. Under these circumstances, the district court's de facto determination that WSI's position was substantially justified was not an abuse of discretion, and Dutton is not entitled to an award of attorney fees and costs under N.D.C.C. § 28–32–50.

## IV

[¶ 17] We have considered the remaining issues and arguments raised by the parties and find them to be unnecessary to our decision or without merit. We reverse the judgment and remand for entry of judgment reversing WSI's final order, with directions that Dutton be provided a further PPI evaluation for her chronic pain. Dutton's motion for attorney fees and costs under N.D.C.C. § 28–32–50 is denied.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 19] Workforce Safety & Insurance correctly interpreted the law, and its findings, under our standard of review, are supported by the evidence. I therefore respectfully dissent.

[¶ 20] Under N.D.C.C. § 28–32–42(4), the appealing party must specify the error or errors that are the issue on appeal. Dutton specified the issue:

The sole issue on appeal is whether Dutton is entitled to an evaluation for her chronic, unrelenting, and disabling pain under Chapter 18 of the *AMA Guides to the Evaluation of Permanent Impairment (5th Edition)*. ALJ Thomas erred as a matter of law in adopting the unsubstantiated opinion of WSI's hand-picked impairment evaluator, Robert Cooper, MD, that Ms. Dutton was not entitled to a chronic pain evaluation.

[¶ 21] Generally, there is no restriction on agency personnel testifying before an administrative proceeding. *See* N.D.C.C. § 28–32–24. There is a statutory restriction requiring that a permanent impairment evaluation be conducted by an independent evaluator:

If there is a medical dispute regarding the percentage of an injured employee's permanent impairment, all relevant medical evidence must be submitted to an independent doctor who has not treated the employee and who has not been consulted by the organization in relation to the injury upon which the impairment is based.

N.D.C.C. § 65–05–12.2(12).

[¶ 22] Cooper had conducted a formal impairment evaluation before he was hired by WSI. He met the independent status at the time he conducted the evaluation. His subsequent letter testimony as to whether or not another evaluation was required was not prohibited by the statute. His testimony was competent and admissible.

[¶ 23] Put another way, Cooper's subsequent employment did not retroactively negate his prior independent-evaluator status. And Cooper's prior independent-evaluator status did not negate his otherwise competent, admissible, subsequent letter testimony.

[¶ 24] The findings, conclusion and order are properly supported. As the district court explained in its well-reasoned review of this case:

Further, the mere fact that WSI hired Dr. Cooper prior to his letter testimony of January 13, 2006, does not require WSI's order be reversed. When Dr. Cooper saw and evaluated Dutton, he was not employed by WSI. When Dr. Cooper provided his initial opinion and diagnosis of Dutton, he was not employed by WSI. It is true Dr. Cooper was hired by WSI prior to his letter testimony of January 2006. However, that testimony was simply in the nature of clarification and amplification of Dr. Cooper's earlier evaluation and testimony. Dr. Cooper did not evaluate Dutton while he was employed at WSI. Nor did Dr. Cooper provide some entirely new testimony unrelated to or inconsistent with his prior evaluation of Dutton. In his January 13, 2006, letter testimony Dr. Cooper testified only as to matters which predated his employment with WSI. Finally, Dutton herself requested additional testimony from Dr. Cooper (through her May 5, 2005, letter). She cannot now complain he provided such testimony. The mere fact that Dr. Cooper was hired by WSI after his evaluation of Dutton does not require ALJ Thomas' recommendation and WSI's order, be subject to reversal.

Dutton has not established any error on the part of WSI and/or ALJ Thomas in the administrative proceedings below.

[¶ 25] I would affirm.

[¶ 26] Dale V. Sandstrom