2011 ND 93

**WORKFORCE SAFETY AND INSUR-ANCE and Bobcat Company, Respondents and Appellees**

v.

**Cynthia AUCK, Claimant and Appellant.**

**No. 20100330.**

Supreme Court of North Dakota.

May 13, 2011.

---

Stephen D. Little (argued), Bismarck, ND, for claimant and appellant.

Lolita G. Hartl Romanick (argued), Special Assistant Attorney General, Grand Forks, ND, for respondent and appellee Workforce Safety and Insurance.

Leslie Bakken Oliver (submitted on brief), Bismarck, ND, for respondent and appellee Bobcat/Ingersol Rand.

CROTHERS, Justice.

[¶ 1] Cynthia Auck appeals the district court's order finding Workforce Safety and Insurance ("WSI") and Bobcat Company acted with substantial justification when refusing to pay death benefits to her, precluding an award of attorney fees under section 28–32–50, N.D.C.C. We affirm.

I

[¶ 2] This is the second time these parties are before this Court. The first time, WSI and Bobcat appealed the district court's judgment affirming the Administrative Law Judge's ("ALJ") order reversing WSI's denial of death benefits to Cynthia Auck, the surviving spouse of Richard Auck. We affirmed the district court's judgment. *Workforce Safety & Ins. v. Auck* ("*Auck I*"), 2010 ND 126, 785 N.W.2d 186.

[¶ 3] On July 14, 2010, Cynthia Auck filed a petition with the district court seeking attorney fees and costs under section 28–32–50, N.D.C.C. The district court held a hearing and denied Cynthia Auck's request for attorney fees, finding WSI and Bobcat's position was substantially justified with reasonable, factual and legal support. Cynthia Auck appeals.

II

[¶ 4] Cynthia Auck argues the district court abused its discretion because WSI and Bobcat's decision to continue to appeal the ALJ's decision was unreasonable. WSI and Bobcat assert the district court did not abuse its discretion because their position was substantially justified. We conclude the court did not abuse its discretion.

[¶ 5] "The determination whether the agency acted with substantial justification is discretionary with the district court, and we will overturn the district court's decision only if it abused its discretion." *Dutton v. Workforce Safety & Ins.*, 2010 ND 99, ¶ 13, 783 N.W.2d 278. A district court abuses its discretion "when it acts in an arbitrary, capricious, or unreasonable manner." *Lamplighter Lounge, Inc. v. State ex rel. Heitkamp*, 523 N.W.2d 73, 75 (N.D.1994) (quoting *Gissel v. Kenmare Township*, 512 N.W.2d 470, 473 (N.D.1994)).

[¶ 6] Cynthia Auck petitioned for attorney fees under section 28–32–50(1), N.D.C.C., which states:

"In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, deter-

mines that the administrative agency acted without substantial justification."

 [¶ 7] This Court has explained:

"Section 28–32–50, N.D.C.C., will not apply in all WSI cases; rather, it is only applicable in rare cases when WSI's actions lack substantial justification.... The rationale behind this statute was to provide individuals and small businesses on the state level the same relief provided by Congress in the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (2006). The language of N.D.C.C. § 28–32–50 was based on the language used in the EAJA for the specific purpose of using federal interpretations of the statute as a guide in interpreting our statute. The U.S. Supreme Court has held that under § 2412(d)(1)(A), of the EAJA, the burden is on the Government to prove that its position in the underlying litigation was substantially justified, because the purpose of the legislation is to ensure individuals will not be deterred from seeking review of unjustified governmental action because of the expense involved and that strong deterrent requires that the burden of proof rest with the Government. *Scarborough v. Principi,* 541 U.S. 401, 406 and 414–15, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). Therefore, we conclude the burden is on the agency to prove it acted with substantial justification."

*Tedford v. Workforce Safety & Ins.,* 2007 ND 142, ¶ 26, 738 N.W.2d 29 (quoting *Rojas v. Workforce Safety & Ins.,* 2006 ND 221, ¶ 17, 723 N.W.2d 403). "Merely because an administrative agency's actions are not upheld by a court does not mean that the agency's action was not substantially justified." *Tedford,* at ¶ 25. "An administrative agency's position is substantially justified ... if a reasonable person could think the position is correct and

the position has a reasonable basis in law and fact." *Dutton,* 2010 ND 99, ¶ 15, 783 N.W.2d 278.

[¶ 8] The district court found WSI and Bobcat's position was substantially justified because WSI and Bobcat relied on "relatively settled legal precedent." The district court also found WSI and Bobcat's position was supported by its two expert witnesses.

[¶ 9] To be compensated for Richard Auck's injury, Cynthia Auck, his surviving spouse, had to prove:

"1) The heart attack that resulted in [Richard] Auck's death was caused by a mental stimulus, here stress, that was caused by his employment with reasonable medical certainty; 2) The stress was 'unusual,' meaning stress greater than the highest level of stress normally experienced or anticipated in [Richard] Auck's position or line of work; and 3) The stress was at least fifty percent of the cause of the heart attack as compared with all other contributing causes combined."

*Auck I,* 2010 ND 126, ¶ 7, 785 N.W.2d 186.

[¶ 10] Throughout the litigation, WSI and Bobcat's position was that unusual work related stress was not fifty percent of the cause of Richard Auck's heart attack. WSI and Bobcat retained two experts who provided opinion evidence supporting their position. Both experts agreed that work related stress was not the cause of Richard Auck's heart attack. *Auck I,* 2010 ND 126, ¶ 17, 785 N.W.2d 186. Dr. David Berman, a cardiologist retained by WSI, testified Richard Auck had many known risk factors for a heart attack. *Id.* at ¶ 3. He also testified the link between long-term stress and a heart attack is controversial. *Id.* Dr. Joel Blanchard, a family medicine expert retained by Bobcat, testified that he was not aware of any studies naming long-term stress as a risk factor for a heart

attack and that Richard Auck had hypertension, was a smoker, had some obesity, led a sedentary lifestyle, had elevated cholesterol, had a family history of heart disease and had coronary artery disease. *Id.* at ¶¶ 3, 13.

[¶ 11] In addition, prior to *Auck I,* this Court upheld the denial of benefits in cases involving claimants who applied for benefits claiming a heart attack was the result of unusual work related stress and who had multiple risk factors for a heart attack. *See Christianson v. N.D. Workers Comp. Bureau,* 470 N.W.2d 613, 616 (N.D. 1991) (upholding denial of benefits where claimant smoked, was obese, had hypertension and had a family history of cardiac disease); *Schmalz v. N.D. Workers Comp. Bureau,* 449 N.W.2d 817, 824 (N.D.1989) (upholding denial of benefits where claimant had atherosclerotic heart disease, was overweight, had high cholesterol and had high blood pressure); *Kroh v. N.D. Workers Comp. Bureau,* 425 N.W.2d 899, 902 (N.D.1988) (upholding denial of benefits where claimant had history of heart disease and a history of smoking); *Grace v. N.D. Workmen's Comp. Bureau,* 395 N.W.2d 576, 578 (N.D.1986) (upholding denial of benefits where claimant suffers from coronary artery disease and chronic obstructive pulmonary disease and has a history of smoking); *Ganske v. N.D. Workmen's Comp. Bureau,* 355 N.W.2d 800, 802 (N.D.1984) (denying benefits where claimant had coronary artery disease and a history of smoking); *Nelson v. N.D. Workmen's Comp. Bureau,* 316 N.W.2d 790, 792 (N.D.1982) (denying benefits where claimant was on hypertensive medications and has a prior history of smoking). We conclude the district court did not abuse its discretion by finding WSI and Bobcat's position was substantially justified because WSI and Bobcat's position had factual and legal support and

because a reasonable person could think their position was correct.

### III

[¶ 12] This district court order denying Cynthia Auck's petition for attorney fees and finding WSI and Bobcat's position was substantially justified is affirmed.

[¶ 13] BENNY A. GRAFF, S.J., GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ.

[¶ 14] The Honorable BENNY A. GRAFF, S.J., sitting in place of KAPSNER, J., disqualified.