Colorado Supreme Court Opinions || May 2, 2016

Colorado Supreme Court -- May 2, 2016
2016 CO 27. No. 14SC123. City of Englewood v. Harrell.

 The Supreme Court of the State of Colorado
 2 East 14th Avenue • Denver, Colorado 80203

 2016 CO 27

 Supreme Court Case No. 14SC123
 C.A.R. 50 Certiorari to the Colorado Court of Appeals
 Court of Appeals Case No. 13CA858
 Industrial Claim Appeals Office, WC4873594

 Petitioners:
 City of Englewood and Colorado Intergovernmental Risk Sharing Agency,

 v.

 Respondents:
 Delvin Harrell and Industrial Claim Appeals Office.

 Order Set Aside and Case Remanded

 en banc
 May 2, 2016

 Attorneys for Petitioners:
 Ritsema & Lyon, P.C.
 Paul Feld
 Paul Krueger
 Alana McKenna

 Denver, Colorado

 Attorney for Respondent Delvin Harrell:
 Law Office of O’Toole & Sbarbaro, P.C.
 Neil D. O’Toole

 Denver, Colorado

 No appearance by or on behalf of: Industrial Claim Appeals Office

 JUSTICE MÁRQUEZ delivered the Opinion of the Court.

  

 ¶1       We accepted transfer of this case from the court of appeals pursuant to section 13-4-109, C.R.S. (2015) and C.A.R. 50 because the issues raised involve matters of substance not previously determined by this court, and because this court granted certiorari in two cases raising similar issues.[1] In City of Littleton v. Industrial Claim Appeals Office, 2016 CO 25, ___ P.3d , and Industrial Claim Appeals Office v. Town of Castle Rock, 2016 CO 26, ___ P.3d , both announced today, we set forth our interpretation of section 8-41-209, C.R.S. (2015), of the Workers’ Compensation Act of Colorado, which provides workers’ compensation coverage, under certain conditions, for occupational diseases affecting firefighters.

 ¶2       In City of Littleton, 2016 CO 25, and Town of Castle Rock, 2016 CO 26, we held that section 8-41-209(2)(a) establishes a presumption that a qualifying firefighter’s cancer "result[ed] from his employment as a firefighter," and that section 8-41-209(2)(b) shifts the burden of persuasion to the employer or insurer to show, by a preponderance of the medical evidence, that the firefighter’s condition "did not occur on the job." We further held that an employer can meet its burden by establishing the absence of either general or specific causation. Specifically, an employer can show, by a preponderance of the medical evidence, either: (1) that a firefighter’s known or typical occupational exposures are not capable of causing the type of cancer at issue, or (2) that the firefighter’s employment did not cause the firefighter’s particular cancer where, for example, the claimant firefighter was not exposed to the cancer-causing agent, or where the medical evidence renders it more probable that the cause of the claimant’s cancer was not job-related. City of Littleton, ¶¶ 3, 25, 39. In Town of Castle Rock, ¶¶ 3, 17, 27, we further held that to meet its burden of proof, the employer is not required to prove a specific alternate cause of the firefighter’s cancer. Rather, the employer need only establish, by a preponderance of the medical evidence, that the firefighter’s employment did not cause the firefighter’s cancer because the firefighter’s particular risk factors render it more probable that the firefighter’s cancer arose from a source outside the workplace. Id. at ¶¶ 17, 27.

 ¶3       In this case, Englewood firefighter Delvin Harrell was diagnosed with melanoma. He underwent surgery to remove the melanoma and sought workers’ compensation benefits under section 8-41-209, asserting that his melanoma qualified as a compensable occupational disease. As in Town of Castle Rock, the City of Englewood and its insurer, the Colorado Intergovernmental Risk Sharing Agency (collectively, "Englewood") sought to overcome the presumption that the claimant’s melanoma resulted from his employment as a firefighter by presenting risk-factor evidence indicating that the claimant’s risk of melanoma from other sources is greater than his risk of melanoma from firefighting. Relying on the court of appeals’ analysis in City of Littleton v. Indus. Claim Appeals Office, 2012 COA 187, ___ P.3d , the ALJ concluded that Englewood failed to overcome the presumption in section 8-41-209(2)(a). A panel of the Industrial Claim Appeals Office ("Panel") affirmed the ALJ’s order.

 ¶4       Because the ALJ and the Panel in this case did not have the benefit of our analysis in City of Littleton and Town of Castle Rock, we set aside the Panel’s order affirming the ALJ and remand this case to the Panel with directions to return the matter to the ALJ for reconsideration in light of our decisions announced today in City of Littleton and Town of Castle Rock.

 [1] We accepted transfer of this case under C.A.R. 50 to address the following issues:

 1. Whether the Administrative Law Judge incorrectly applied the law set forth in § 8-41-209, C.R.S. by finding that respondents cannot meet their burden of proof in overcoming the statutory presumption through medical evidence of non-occupational risk factors that were the more likely cause of claimant’s condition or impairment.

 2. Whether the Administrative Law Judge incorrectly applied the law set forth in § 8-41-209, C.R.S. by applying a heightened burden of proof in requiring the employer to prove the actual cause of claimant’s cancer in order to sufficiently rebut the statutory presumption of compensability of claimant’s melanoma.

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Supreme Court Opinions || May 2, 2016

Back