The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

2016 CO 26

Supreme Court Case No. 13SC560
Certiorari to the Colorado Court of Appeals
Court of Appeals Case No. 12CA2190

Petitioners:
Industrial Claim Appeals Office and Mike Zukowski,
 v.
 Respondents:
Town of Castle Rock and CIRSA.

Judgment Affirmed
en banc
May 2, 2016

Attorneys for Petitioner:
Neil D. O’Toole 
John Sbarbaro 
Denver, Colorado
Attorneys for Respondents Town of Castle Rock and CIRSA:

Ritsema & Lyon, P.C.
Paul Krueger
Alana S. McKenna

Denver, Colorado

Attorney for Amicus Curiae Colorado Self Insured Association: 
Ruegsegger Simons Smith & Stern, LLP
Frank M. Cavanaugh

Denver, Colorado

Attorney for Amicus Curiae Pinnacol Assurance:
Pinnacol Assurance 
Harvey D. Flewelling 
Denver, Colorado
No appearance by or on behalf of: Industrial Claim Appeals Office
JUSTICE MÁRQUEZ delivered the Opinion of the Court. 
 
¶1       Castle Rock firefighter Mike Zukowski was diagnosed with melanoma, a type of skin cancer. He had three excision surgeries to remove the melanoma and was then released to return to work on full duty. He sought both medical benefits and temporary total disability benefits under the "firefighter statute," § 8-41-209, C.R.S. (2015), of the Workers’ Compensation Act of Colorado, asserting that his melanoma qualified as a compensable occupational disease. At issue here is whether Zukowski’s employer, the Town of Castle Rock, and Castle Rock’s insurer, the Colorado Intergovernmental Risk Sharing Agency (collectively, "Castle Rock"), may seek to overcome a statutory presumption in section 8-41-209(2)(a) that Zukowski’s condition resulted from his employment as a firefighter by presenting risk-factor evidence indicating that Zukowski’s risk of melanoma from other sources is greater than his risk of melanoma from firefighting.
¶2       The firefighter statute applies to firefighters who have completed five or more years of employment as a firefighter. § 8-41-209(1). Section 8-41-209(1) provides that the death, disability, or health impairment of such a firefighter "caused by cancer of the brain, skin, digestive system, hematological system, or genitourinary system" shall be considered an "occupational disease" (thus entitling the firefighter to benefits under the Workers’ Compensation Act) if the cancer "result[ed] from his or her employment as a firefighter." Section 8-41-209(2)(a) then creates a statutory presumption that the firefighter’s condition or health impairment caused by a listed type of cancer "result[ed] from [the] firefighter’s employment" if, at the time of becoming a firefighter or thereafter, the firefighter underwent a physical examination that failed to reveal
substantial evidence of such condition or health impairment preexisting his or her employment as a firefighter. Under section 8-41-209(2)(b), however, the firefighter’s condition or impairment "[s]hall not be deemed to result from the firefighter’s employment if the firefighter’s employer or insurer shows by a preponderance of the medical evidence that such condition or impairment did not occur on the job." The question raised in this case is whether, under section 8-41-209, a firefighter’s employer or insurer can attempt to meet its burden to show that the firefighter’s condition "did not occur on the job" by presenting risk-factor evidence indicating that the firefighter’s risk of cancer from other, non-job-related sources is greater than his risk of cancer from firefighting.
¶3       In City of Littleton v. Industrial Claim Appeals Office, 2016 CO 25, ___ P.3d, a companion decision issued today, we held that section 8-41-209(2) places the burden of persuasion with the employer to show, by a preponderance of the medical evidence, that the firefighter’s condition or health impairment caused by a listed cancer "did not occur on the job." City of Littleton, ¶ 3. We further held that an employer can meet its burden to show a firefighter’s cancer "did not occur on the job" by establishing the absence of specific causation. Id. In this case, the employer sought to establish the absence of specific causation by presenting evidence indicating that Zukowski’s particular risk of developing melanoma from other, non-job-related sources outweighed his risk of developing melanoma from his employment as a firefighter. We hold that an employer may rely on such evidence in seeking to overcome the presumption in section 8-41-209(2). To meet its burden of proof, the employer is not required to prove a specific alternate cause of the firefighter’s cancer. Rather, the employer need only establish, by a preponderance of the medical evidence, that the firefighter’s employment did not cause the firefighter’s cancer because the firefighter’s particular risk factors render it more probable that the firefighter’s cancer arose from a source outside the workplace. Accordingly, we affirm the judgment of the court of appeals and remand this case with directions to return the matter to the administrative law judge ("ALJ") for reconsideration consistent with this opinion and our decision in City of Littleton.
 
I. Facts and Procedural History
¶4       Petitioner Mike Zukowski was born in 1972. He grew up in Albuquerque, New Mexico, and moved to Colorado in 2000. While he was growing up, he was involved with Cub Scouts and Boy Scouts, and he played soccer and participated in gymnastics and track and field. He had moles and freckles, but no known family history of melanoma.
¶5       Zukowski began employment as a firefighter with the Town of Castle Rock in 2000. He worked as an engineer and paramedic. Before beginning his employment, Zukowski underwent a physical examination by his personal physician, noting a concern with moles at that time. In addition to working as a firefighter, Zukowski also worked part-time doing construction, often outdoors. He eventually opened his own business building decks and furniture and remodeling buildings and basements. When not working, he spent time outside running, hiking, and cycling.
 
¶6       In 2002, Zukowski had five moles removed and biopsied. In 2008, he developed a mole on his right calf. In 2011, Zukowski was diagnosed with invasive melanoma, a type of skin cancer, on his right outer calf, at the same site of the mole that developed in 2008. He had three excision surgeries to remove the mole, and was released to return to work on full duty. Zukowski sought medical benefits and temporary total disability benefits under section 8-41-209 of the Workers’ Compensation Act for the periods of time he received treatment and was recovering from his melanoma.
¶7       In June 2012, the AUJ granted Zukowski’s claim for workers’ compensation benefits. The parties stipulated that Zukowski was entitled to the presumption in section 8-41-209(2)(a) that his melanoma "result[ed] from [his] employment." Thus, the only issue at the hearing was whether Castle Rock met its burden under section 8-41-209(2)(b) to overcome that presumption by a preponderance of the medical evidence that Zukowski’s melanoma "did not occur on the job."
¶8       Castle Rock did not challenge the existence of a general causal link between firefighting and melanoma. Instead, Castle Rock sought to disprove specific causation by presenting evidence of alternate causation. Castle Rock’s expert witness, Dr. William Milliken, a physician with expertise in occupational medicine and the causation of industrially related cancers, testified that Zukowski’s known risk factors—specifically, Zukowski’s history of sun exposure and the presence of dysplastic1 moles on his body—placed him at a much greater risk of developing melanoma than did his firefighting.
¶9       The AUJ held that Castle Rock’s burden under section 8-41-209 is "to prove by medical evidence that a claimant’s cancer comes from a specific cause not occurring on the job."2 The ALJ ruled that Castle Rock’s "[d]iscussion and analysis of various risk factors outside of firefighting exposure is insufficient to sustain [Castle Rock’s] burden of proof where those risk factors cannot be equated with a cause in fact of [Zukowski’s] melanoma." Accordingly, the AUJ found that Castle Rock "failed to prove by a preponderance of the medical evidence that [Zukowski’s] melanoma did not occur on the job."
¶10       On review before a panel of the Industrial Claim Appeals Office ("Panel"), Castle Rock argued that the ALJ erroneously required Castle Rock to prove the actual cause of Zukowski’s cancer in order to rebut the presumption in section 8-41-209(2). The Panel rejected Castle Rock’s contention and affirmed the ALJ’s decision, concluding that it could not say that the AUJ’s interpretation of the evidence was erroneous as a matter of law. The Panel concluded that, in its view, "the AUJ plausibly interpreted the experts’ reports, and the other medical evidence, as failing to rebut the presumption that [Zukowski’s] skin cancer was caused by his work as a firefighter."
¶11       Castle Rock appealed the Panel’s final order to the court of appeals. Castle Rock maintained that an employer is not required to prove the exact cause of a firefighter’s cancer to meet its burden under the statute and that the AUJ misinterpreted section 8-41-209(2)(b) when it determined that Castle Rock’s risk-factor evidence was insufficient to overcome the presumption in section 8-41-209(2)(a). In a unanimous, published opinion, the court of appeals agreed with Castle Rock, and set aside the Panel’s order. Town of Castle Rock v. Indus. Claim Appeals Office, 2013 COA 109, ¶ 1, ___ P.3d ___.
¶12       The court of appeals concluded that the AUJ and the Panel misinterpreted the employer’s burden under section 8-41-209(2)(b). It observed that, under this provision, an employer can overcome the presumption that a firefighter’s cancer "result[ed] from his employment" by establishing "by a preponderance of the medical evidence" that the firefighter’s cancer "did not occur on the job." Id. at ¶ 21; § 8-41-209(2)(b). The court of appeals reasoned that an employer can overcome the presumption by demonstrating that "another source was more likely or more probably the cause of a firefighter’s cancer." Town of Castle Rock, ¶ 21. Drawing from cases in other jurisdictions holding that evidence showing a probable alternative cause of the illness can overcome a presumption that a disease is work-related, the court of appeals concluded that an employer may overcome the statutory presumption in section 8-41-209(2)(a) "with specific risk evidence demonstrating that a particular firefighter’s cancer was probably caused by a source outside of work." Id. at ¶¶ 22–24 (citing Elter v. N.D. Workers Comp. Bureau, 599 N.W.2d 315, 319–20 (N.D. 1999); Burrows v. N.D. Workers’ Comp. Bureau, 510 N.W.2d 617, 619 (N.D. 1994); Byous v. Mo. Local Gov’t Emps. Ret. Sys. Bd. of Trs., 157 S.W.3d 740, 749 (Mo. Ct. App. 2005)).
¶13       The court rejected the view that the firefighter statute requires the employer to "establish that a cancer was specifically caused by a source outside the workplace," noting that to do so construes the statute to create "a nearly insurmountable barrier over which most employers will not be able to climb," and converts the provision into a "strict liability statute mandating that every firefighter who develops one of the prescribed cancers is entitled to workers’ compensation coverage." Id. at ¶ 20. The court of appeals observed that such an outcome "vitiate[s] the legislature’s intent to provide employers with an avenue to overcome the presumption by a preponderance of the evidence." Id. 
¶14       We granted certiorari review in this case as a companion to City of Littleton, 2016 CO 25.3
II. Standard of Review
¶15       "We review de novo questions of law concerning the application and construction of statutes." Hickerson v. Vessels, 2014 CO 2, ¶ 10, 316 P.3d 620, 623. Our purpose in interpreting a statute is to give effect to the legislative intent. Concerned Parents of Pueblo, Inc. v. Gilmore, 47 P.3d 311, 313 (Colo. 2002). To discern the General Assembly’s intent, we turn first to the statutory language. Id. A comprehensive regulatory scheme such as the Workers’ Compensation Act must be construed as a whole to give effect and meaning to all its parts, and we avoid interpretations that render provisions superfluous. Wolford v. Pinnacol Assurance, 107 P.3d 947, 951 (Colo. 2005). Where the statutory language is clear and unambiguous, we do not resort to legislative history or other interpretive rules of statutory construction. Smith v. Exec. Custom Homes, Inc., 230 P.3d 1186, 1189 (Colo. 2010).
III. Analysis
¶16       We begin with a discussion of section 8-41-209, C.R.S. (2015), and our opinion, announced today, in City of Littleton, 2016 CO 25. We then address whether, under section 8-41-209, a firefighter’s employer or insurer can attempt to meet its burden to show that the firefighter’s condition "did not occur on the job" by presenting risk-factor evidence indicating that the firefighter’s risk of cancer from other non-job-related sources is greater than the risk of cancer from firefighting.
¶17       We hold that an employer can seek to meet its burden under section 8-41-209(2)(b) to show a firefighter’s cancer "did not occur on the job" by presenting particularized risk-factor evidence indicating that it is more probable that the claimant firefighter’s cancer arose from some source other than the firefighter’s employment. To meet its burden of proof, the employer is not required to prove a specific alternate cause of the firefighter’s cancer. Rather, the employer need only establish, by a preponderance of the medical evidence, that the firefighter’s employment did not cause the firefighter’s cancer because the firefighter’s particular risk factors render it more probable that the firefighter’s cancer arose from a source outside the workplace.
A. Section 8-41-209
¶18       As discussed in a companion decision announced today, City of Littleton, 2016 CO 25, a claimant in a typical workers’ compensation case has the burden of establishing his or her entitlement to benefits by a preponderance of the evidence. § 8-43-201(1), C.R.S. (2015). However, in 2007, the legislature made it easier for certain firefighters to recover benefits by enacting section 8-41-209, which modifies the burden of proof in a narrow class of cases involving particular types of cancer:
(1) Death, disability, or impairment of health of a firefighter of any political subdivision who has completed five or more years of employment as a firefighter, caused by cancer of the brain, skin, digestive system, hematological system, or genitourinary system and resulting from his or her employment as a firefighter, shall be considered an occupational disease.
(2) Any condition or impairment of health described in subsection (1) of this section:
(a) Shall be presumed to result from a firefighter’s employment if, at the time of becoming a firefighter or thereafter, the firefighter underwent a physical examination that failed to reveal substantial evidence of such condition or impairment of health that preexisted his or her employment as a firefighter; and
 
(b) Shall not be deemed to result from the firefighter’s employment if the firefighter’s employer or insurer shows by a preponderance of the medical evidence that such condition or impairment did not occur on the job.
§ 8-41-209.
¶19       Section 8-41-209(1), which applies to individuals who have been employed as firefighters for five or more years, provides that the death, disability, or health impairment of such a firefighter caused by cancer of the "brain, skin, digestive system, hematological system, or genitourinary system" shall be considered an "occupational disease," if the condition or health impairment "result[ed] from his or her employment as a firefighter." Section 8-41-209(2)(a) then creates a statutory presumption that the firefighter’s condition or health impairment caused by a listed type of cancer "result[ed] from [the] firefighter’s employment" if, at the time of becoming a firefighter or thereafter, the firefighter underwent a physical examination that failed to reveal substantial evidence of his condition preexisting his employment as a firefighter. Thus, if a firefighter who suffers from a listed cancer can show that he meets the requisite years of service and physical exam conditions, then the statute establishes an inference that his cancer "result[ed] from [his] employment." In effect, the presumption in section 8-41-209(2)(a) relieves a qualifying claimant firefighter of the burden to prove that his cancer "result[ed] from [his] employment as a firefighter" for purposes of establishing under section 8-41-209(1) that his condition is a compensable "occupational disease" under the Act.
¶20       We held in City of Littleton that this presumption of job-relatedness in section 8-41-209(2)(a) is not a conclusive or irrebuttable presumption. City of Littleton, ¶ 36. Rather, section 8-41-209(2)(b) provides that the firefighter’s condition or impairment "[s]hall not be deemed to result from the firefighter’s employment" if the firefighter’s employer or insurer shows by a "preponderance of the medical evidence" that such condition or impairment "did not occur on the job." We concluded that section 8-41-209(2)(a) creates a substantive presumption that shifts the burden of persuasion to the employer regarding the job-relatedness of the firefighter’s condition or health impairment. Id. at ¶ 37. Although the firefighter bears the overall burden of proving his claim for benefits under the Act, section 8-41-209(2)(b) shifts the burden to the employer to show that the firefighter’s condition is not job-related. Id. 
¶21       We observed that the "preponderance of the evidence" standard demands only that the employer show that it is "more probable than not" that the firefighter’s condition or impairment "did not occur on the job." Id. at ¶ 38. We held that an employer can meet this burden to show that the firefighter’s condition "did not occur on the job" by establishing the absence of either general or specific causation. Id. at ¶¶ 3, 25, 39. We reasoned that the employer can establish the lack of specific causation by showing, for example, that the firefighter was not exposed to the substance or substances that are known to cause the firefighter’s condition or impairment, or that the medical evidence renders it more probable that the cause of the claimant firefighter’s condition was not job-related. Id. at ¶ 39.
 B. Castle Rock’s Risk-Factor Evidence
¶22       Castle Rock did not attempt to meet its burden under section 8-41-209(2)(b) by establishing the absence of general causation. It did not seek to show the lack of a causal link between firefighting and melanoma or otherwise establish that Zukowski’s work exposures are not capable of causing melanoma. Instead, Castle Rock sought to show the absence of specific causation, that is, that Zukowski’s particular melanoma "did not occur on the job." Castle Rock sought to meet this burden by presenting evidence of alternate causation: that it is more probable that Zukowski’s melanoma was caused by something other than his exposures as a firefighter. The question in this case is whether an employer can rely on risk-factor evidence for this purpose.
¶23       We agree with the court of appeals that the AUJ erroneously construed section 8-41-209(2)(b) to require Castle Rock to establish a specific alternate cause of Zukowski’s cancer in order to overcome the presumption that the firefighter’s condition or impairment "result[ed] from his employment as a firefighter." Town of Castle Rock, 2013 COA 109, at ¶ 19. We further agree with the court of appeals that an employer may meet its burden to show that the firefighter’s condition "did not occur on the job" by presenting risk-factor evidence demonstrating that it is more probable than not that a particular firefighter’s cancer was caused by something other than the firefighter’s employment. Id. 
¶24       The employer’s burden under section 8-41-209(2)(b) does not require proof of specific alternate causation; rather, the employer need only show, by a preponderance of the medical evidence, that it is more probable that the firefighter’s cancer "did not occur on the job." Particularized risk-factor evidence showing that a claimant firefighter’s cancer was more probably caused by some source outside of work can be sufficient to meet the employer’s burden under section 8-41-209(2)(b).
 
¶25       Here, Dr. Milliken testified that Zukowski’s increased risk of melanoma due to sun exposure "was at least twice normal." In addition, Dr. Milliken opined that Zukowski’s increased risk of melanoma due to abnormal moles, four or five of which Dr. Milliken considered to be "atypical nevi," was "6–10 times [higher than] normal." Dr. Milliken concluded that Zukowski’s risk of developing melanoma as a result of firefighting was considerably smaller by comparison.4 The testimony from Zukowski’s retained expert, Dr. Annyce Mayer, actually corroborated Dr. Milliken’s risk statistics. The ALJ nevertheless concluded that because relative risk does not establish causation, Castle Rock’s evidence failed to rebut the presumption because it did not establish the actual alternate cause of Zukowski’s melanoma.
¶26       Because the ALJ erroneously construed section 8-41-209(2)(b) to require the employer to prove a specific alternate cause of Zukowski’s cancer, it erroneously determined that the risk-factor evidence presented by Castle Rock was insufficient as a matter of law to overcome the presumption. We conclude that risk-factor evidence can be probative of the absence of a specific causal relationship between the firefighter’s health condition or impairment and firefighting and therefore should be considered by the ALJ in evaluating whether the employer or insurer has met its burden of proof to show, by a preponderance of the medical evidence, that the firefighter’s condition "did not occur on the job." 
IV. Conclusion
¶27       We hold that an employer can seek to meet its burden under section 8-41-209(2)(b) to show a firefighter’s cancer "did not occur on the job" by presenting particularized risk-factor evidence indicating that it is more probable that the claimant firefighter’s cancer arose from some source other than the firefighter’s employment. To meet its burden of proof, the employer is not required to prove a specific alternate cause of the firefighter’s cancer. Rather, the employer need only establish, by a preponderance of the medical evidence, that the firefighter’s employment did not cause the firefighter’s particular cancer because the firefighter’s particular risk factors rendered it more probable that the firefighter’s cancer arose from a source outside the workplace. Accordingly, we affirm the judgment of the court of appeals and remand this case with directions to return the matter to the ALJ for reconsideration consistent with this opinion and City of Littleton v. Industrial Claim Appeals Office, 2016 CO 25, ___ P.3d ___.

[1] "Dysplastic" is an adjective for "dysplasia," an "abnormal growth or development (as of organs, tissues, or cells)." Webster’s Third New Int’l Dictionary 712 (2002).
[2] In arriving at his interpretation of section 8-41-209, the ALJ relied on the Industrial Claim Appeals Office panel order underlying our decision today in City of Littleton, 2016 CO 25. At that time, the City of Littleton case was pending before the court of appeals.
 
[3] We granted certiorari review of the following issues:
1. Whether the court of appeals in Town of Castle Rock and CIRSA v. Industrial Claim Appeals Office and Mike Zukowski, 2013CA2190, misconstrued the application of the statutory presumption found at section 8-41-209, C.R.S., by holding that [the] legislative presumption of cancer causation for [fire]fighters "can be overcome by establishing that the risk of cancer from other sources outweighs the risk created by firefighting."
2. Whether the court of appeals improperly equated "risk" with "cause," by holding that showing "risk" or "precursor" factors can sufficiently establish a preponderance of the medical evidence that a firefighter’s cancer did not occur on the job, thereby rejecting [the] statutory presumption created by the Colorado Legislature that petitioner’s skin cancer (melanoma) was, in fact, caused by his job.
[4] For purposes of this comparison, Dr. Milliken pointed to the LeMasters study "summary risk estimate" of 1.32 for malignant melanoma. See Grace K. LeMasters et al., Cancer Risk Among Firefighters: A Review and Meta-analysis of 32 Studies, 48 J. Occupational & Envtl. Med. 1189, 1199 tbl. 5 (2006).